BACKMAN *vs.* JENKS.

In an action upon promissory notes, the consideration of which was liquors sold by the plaintiff to the defendant, it was proved that the liquors were obtained on the defendant's orders, given by him at his hotel in Vermont, through the plaintiff's agent, who was traveling to solicit orders, but had no right to sell liquors. The orders were given at the defendant's hotel, where the price and amount were fixed; which orders the agent would forward to the plaintiff, in New York, who would fill and ship them, as directed by the defendant. *Held* that the transaction had no binding force until the order for liquors was filled in New York, when, and not before, it had legal existence and vitality. And that therefore the contract was, by legal construction, made in New York, to be performed, and in fact performed there, (except as to payment,) and not in Vermont, and was governed as to its validity, by the laws of the former State.

Accordingly *held* that an action upon the notes could be maintained, in this State, notwithstanding the consideration for which they were given was the sale and delivery of spirituous liquors, in violation of the statute of Vermont.

*Held,* also, that even if it had appeared that *payment* was to be made in Vermont, that fact would not alter the case.

Where a plaintiff wishes to dispute the facts alleged by the defendant and assumed by the court, upon a motion for a nonsuit, it is not necessary, in

Backman *v.* Jenks.

order to present the question on appeal, that the plaintiff should request to have the question, whether such are the facts, submitted to the jury. An exception to the ruling, on a motion for a nonsuit, is sufficient to raise the point of error that the case should have been submitted to the jury.

THIS action was brought against the defendant as maker of two promissory notes, one for $364.62, at one day from date, the other for $100, at four months, both dated September 5, 1860. The notes were given in renewal of other notes, the consideration of which was liquors sold by the plaintiff to the defendant. The defendant was a hotel-keeper, and a resident of the State of Vermont, at the time of the purchase of the liquors, and has continued a resident of that State ever since. The plaintiff is a resident of the State of New York. The defendant interposed as a defense the statute of limitations. Also that the original consideration of the notes was the sale and delivery of spirituous liquors, in violation of the statute of the State of Vermont. It appeared, on the trial, that the liquors were purchased in 1854 or 1855, and it was conceded that if the contract of sale was made and to be performed in the State of Vermont, it was in violation of the statute of that State, and void.

It was proved that the liquors were obtained on the defendant's orders, given by him at his hotel in Vermont, through the plaintiff's agent. The agent testified that he was the traveling agent for the plaintiff to solicit orders, but had no right to sell liquors; that the defendant gave him the orders at the defendant's hotel, where the price and amount were fixed; which orders he would forward to the plaintiff, in New York, and the latter would fill them. The defendant directed how they should be shipped. The defendant testified the same, in substance. He said the liquors were to be sent from New York to him by railroad or by steamboat, and were so sent, marked, Diamond "I," and that he paid the freight; that the agent took a minute, in his book, of the amount and kinds of

liquor he wanted sent.   He added that some of it was delivered at Granville, N. Y., and some at Pawlet, Vermont.

At the close of the evidence, the defendant's counsel moved for a nonsuit, on the ground that the consideration of the notes in suit was liquors sold by the plaintiff to the defendant contrary to the statutes of Vermont, and that no action could be maintained thereon.   The court granted the motion, and the plaintiff excepted.   Judgment being entered pursuant to such decision, the plaintiff appealed to the general term.

*A. S. Benedict* and *E. Cowen,* for the appellant.

*O. F. Thompson,* for the respondent.

*By the Court,* BOCKES, J.   The statute of Vermont, on which the defense in this case rested, declared that no action should be had or maintained, in any court of that state, for the recovery or possession of intoxicating liquors, or the value thereof, except such as was sold or purchased in accordance with its provisions; and it must be conceded that if the contract of sale which constituted the original consideration of the notes in suit was made in Vermont, and was there to be performed, the transaction was illegal and void, and gave no right of action, there or elsewhere. The nonsuit was granted on the hypothesis that the case proved came within the operation of this rule.   It is contended, however, that the contract of sale was not made, nor was it to be performed, in the State of Vermont.   If this view can be maintained, the nonsuit was erroneous, and the judgment should be reversed.   We are therefore first to inquire where was the contract of sale made?   It is made to appear by the proof that the first step in the matter of the contract was in Vermont, and where the defendant gave orders on the plaintiff, through his agent, for the liquors, to be forwarded to him at a price then

fixed and in a manner then specified. The authority of the agent was, as he swears, to solicit orders; not to make sales; and he received the orders given by the defendant, and forwarded them to the plaintiff in New York, to be filled. Suppose the orders had been in writing, instead of verbally through the agent; the case would have been in no respect different in its legal bearings. Take, for example, a single instance. The order, according to the form adopted, would have been a request on the plaintiff, doing business in New York, to send the defendant a specified quantity of liquor at a price named, to be directed to him in Vermont, and forwarded in a way particularly pointed out. This request would not, of itself, constitute a contract; nor would there be a contract of sale of the property mentioned in it, until accepted and filled by a delivery according to its terms. The transaction had no binding force until the order or request was filled in New York. Then it had legal existence and vitality. By legal construction, therefore, the contract was made in New York; not in Vermont, and was performed there, too, (except as to payment;) for the property, on due delivery on the railroad or steamboat, as directed, became the property of the defendant, subject only to the plaintiff's right of stoppage *in transitu.* The case is similar, in all its principal features, to *Hyde* v. *Goodnow,* (3 *N. Y. Rep.* 266,) as will be seen by the head-note, as follows: "A mutual fire insurance company had an agent residing in the State of Ohio, authorized to receive applications for insurance. The agent received, from a party also residing in Ohio, an application, together with a premium note of the applicant, and transmitted them to the office of the company, in this State, where they were received, passed upon and approved, and where a policy was executed and transmitted to the applicant, by mail. The agent had no authority to make insurances. In an action to recover the premium note, *held* that the contract was made in the

State of New York, at the office of the company, and not in the State of Ohio; and therefore that the contract was not within the prohibition of the statute of that State, declaring that 'no policy of insurance shall be signed, issued or delivered' in that State by any company not chartered by the laws thereof, except by an agent of such company who should first have obtained a license in manner prescribed by the act." This decision is directly in point, and is controlling of the case under examination.

The case of *Western* v. *The Genesee Mu. Ins. Co.* (12 *N. Y. Rep.* 258) is, on its face, very much like that cited. In the latter case, it was also held that the contract was made and was to be performed in the State of New York; and that its validity depended upon the laws of that State. Justice JOHNSON says: "The contract was consummated by the final assent on the part of the company, and upon that event, and not upon its delivery to the assured, became operative. The validity of the contract is therefore to be determined by the law of New York. Here it was made, and here it was to be performed."

It was suggested on the argument, by the respondent's counsel, that it was of some importance that payment was to be made in Vermont. It does not, however, appear from the case that payment was to be made there. But suppose it had so appeared; that fact would not change the case. This was considered in *Hyde* v. *Goodnow,* where it was said that it was immaterial where the payment was to be made. If the sale was not within the prohibition of the statute, the place of payment could not vitiate the transaction.

Now, in the case under consideration, the evidence shows that the contract was made and consummated in New York. An order, request or proposition, was sent from Vermont for the property; but no contract existed until it was received and met by an acceptance in New

Backman *v.* Jenks.

York, where it was also to be performed, and where it was in fact performed.

But, in any event, even admit what I deem contrary to the fact—that the evidence does not, as a matter of absolute certainty, show that the contract was made and was to be performed in New York—certainly there was sufficient to raise a question for the jury, in that regard; and in that view of the case, the nonsuit was improper. Nor was it necessary, in order to present the question on appeal, that the plaintiff should have requested the court to submit the cause to the jury. I thought otherwise, on the argument, but find the point expressly decided in *Sheldon* v. *The Atlantic Fire and Marine Ins. Co.*, (26 *N. Y. Rep.* 460.) The question arose, in the case cited, in precisely the same manner as in this. No request to submit the case to the jury on the facts was made, but it stood on the exception to the ruling of the court in granting the motion for a nonsuit. The counsel in that case contended that if the plaintiff wished to dispute the facts alleged by the defendants, and assumed by the court upon the motion for nonsuit, they should not only have resisted the motion and excepted to its being granted, but, in addition, should have expressly requested to have the question whether such were the facts submitted to the jury. It was otherwise decided; the court holding that the exception to the ruling on the motion for a nonsuit, where the judge assumed to pass on both questions of law and fact, was sufficient to raise the point of error that the case should have been submitted to the jury.

The nonsuit was erroneously granted, and the judgment must be reversed.

Judgment reversed, and new trial ordered; costs to abide the event.

[SARATOGA GENERAL TERM, November 1, 1869. *Rosekrans, Potter* and *Bockes,* Justices.]