(27 Misc. Rep. 629.)

AIKEN, LAMBERT & CO. v. HASKINS.

(Saratoga County Court. May, 1899.)

1. JUSTICES OF THE PEACE—VERIFIED COMPLAINT—JUDGMENT.
    Under Laws 1881, c. 414, providing that in an action on a money demand, before a justice, where the complaint is verified, if defendant fails to answer, the court can enter judgment for plaintiff for the amount demanded, without further proof, when the answer filed is frivolous a judgment may be rendered in accordance with the provisions of the chapter.

2. CORPORATIONS—COMPLAINT—RIGHT TO SUE.
    Where a complaint alleges a sale and delivery by plaintiff, whose place of business was in the state of New Jersey, the presumption is that the contract was made and completed in that state, and that plaintiff, though a foreign corporation, could bring an action thereon without procuring a certificate from the secretary of state, as required by Laws 1892, c. 687, § 15, on doing business in the state.

3. ACTION FOR GOODS SOLD—ANSWER.
    An answer, in an action for goods sold and delivered, admitting a sum due as stated in the complaint, but denying that it became due on a certain date, is frivolous.

Appeal from justice court.

Action by Aiken, Lambert & Co., a corporation, against Charles L. Haskins. Judgment for plaintiff, and defendant appeals. Affirmed.

Nash Rockwood, for appellant.
F. B. Phillips, for respondent.

HOUGHTON, J. The action was brought for goods sold and delivered. The complaint alleged that the plaintiff was a business corporation organized under the laws of the state of New Jersey, and lawfully doing business within the state of New York, and that during the years 1896 and 1897 it sold goods to the defendant at the

agreed price of $72.88, and that that sum became due and payable on the 18th day of January, 1897. An answer was interposed by the defendant, averring that he had no knowledge or information as to whether the plaintiff was duly incorporated and lawfully doing business within the state of New York. The answer further alleged, by way of admission, that the defendant was indebted to a firm known as Aiken, Lambert & Co. (the name of this plaintiff), in about the sum of $72, for goods sold and delivered, but denied, upon information and belief, that the indebtedness became due and payable on the 10th day of January, 1897. The plaintiff moved for judgment on the pleadings, which motion was granted by the justice, without common-law proof of plaintiff's claim.

A verified complaint having been served with the summons, and the demand being one for money only, the plaintiff would have been entitled to judgment without proof of its claim, under the provisions of chapter 414 of the Laws of 1881, if no answer had been interposed. The defendant insists that, because his answer was filed, judgment could not be taken without resort to common-law proof. The law of 1881 prescribes that in case the defendant fails to answer or demur to a verified complaint, based on a demand for money only, in justice's court, at the time of the return of the summons, he shall be deemed to have admitted the allegations of the complaint as true, and the court shall, upon filing the summons and complaint, with proof of service thereof, enter judgment for the plaintiff against the defendant for the amount demanded, without further proof. The question to be determined is whether the answer filed by defendant was sufficient to prevent judgment without further proof.

The plaintiff was a foreign corporation doing business within the state of New York. By section 15 of chapter 687 of the Laws of 1892, no foreign stock corporation doing business within the state of New York can bring any action in this state upon any contract made by it in this state until it has procured a certificate from the secretary of state that it has complied with the laws of the state of New York with reference to doing business therein. It is not incumbent upon the foreign corporation suing to prove in the first instance that it has procured this certificate, but its omission to do so is a matter of defense, where the certificate is a necessity. Nicoll v. Clark, 13 Misc. Rep. 128, 34 N. Y. Supp. 159. The defendant claims to have raised this issue by his answer. The plaintiff's place of business was in the state of New Jersey, and the defendant's place of business was in Saratoga Springs, N. Y. The allegations of the complaint are silent as to the place of delivery of the goods, and the general rule is that, unless something to the contrary appears, the store of the merchant at which the commodities are sold is the place of delivery. Bronson v. Gleason, 7 Barb. 472; Benj. Sales, 649. Of course, it may be that delivery in this case was not complete until the goods were received by the defendant at Saratoga Springs; and, on the other hand, delivery to the common carrier in the state of New Jersey may have been a complete delivery to pass title to the defendant. But, so far as the complaint discloses, a simple sale and delivery being alleged, the presumption is that the goods were delivered in the

state of New Jersey, and therefore the contract was made and completed in that state, and not in the state of New York; and hence the plaintiff was not prohibited from bringing an action in this state upon it without a certificate, for the contract was wholly completed outside of this state. In Backman v. Jenks, 55 Barb. 468, liquors were ordered in the state of Vermont from a firm doing business in the state of New York, and the goods were delivered to the common carrier in the state of New York; and it was held that recovery could be had on the contract, notwithstanding the fact that the statute of the state of Vermont prohibited recovery upon contracts for the sale of spirituous liquors, and the fact that payment was to be made in the state of Vermont did not alter the fact. Even if the goods had been ordered by the defendant by written order mailed from Saratoga Springs to the plaintiff in the state of New Jersey, and default upon payment had been made in the state of New York, yet the contract would not be deemed to have been made within the state of New York, in such manner as to render the certificate in question necessary in order to enable the plaintiff to bring his action. Shelby Steel Tube Co. v. Burgess Gun Co., 8 App. Div. 444, 40 N. Y. Supp. 871. So far as the record discloses, therefore, the contract was not made in the state of New York, and the answer of the defendant that the plaintiff had procured no certificate authorizing it to do business within the state of New York was immaterial, and established no defense.

Was there any defense established by the answer in any other respect? The answer admitted that the defendant is indebted to the plaintiff in about the sum of $72, but denied, upon information and belief, that that sum became due on the 10th day of January, 1897. I think this part of the answer is clearly frivolous, as it established no defense to any material allegation. An answer admitting the execution of a lease, but denying, upon information and belief, the terms and conditions thereof, pleads no defense, and is frivolous. Collis v. Alburtis, 9 Civ. Proc. R. 80. A denial of "indebtedness" is frivolous (Fosdick v. Groff, 22 How. Prac. 158), and that plaintiff is the lawful owner of the note in suit, without any further averment (Alder v. Bloomingdale, 1 Duer, 601), and a denial that a note is "payable" raises no issue (Bank v. Russell, 6 Hun, 375).

The defendant's answer, therefore, was frivolous, and raised no issue to the complaint. Did the interposition of such an answer prevent the plaintiff from taking judgment, under the provisions of chapter 414 of the Laws of 1881? Section 3 of that law says that, in case the defendant fails to answer, he shall be deemed to have admitted the allegations of the complaint, and judgment may be taken. Of course, the legislature has the right to prescribe any rule it sees fit with respect to the taking of judgments by default, and prescribe the character of actions in which such judgments may be taken. I cannot, however, bring myself to believe that the legislature intended the bare filing of an answer, which alleges nothing and denies nothing material, and raises no issue, should have the effect of preventing the taking of judgment upon a verified complaint. The practice is a salutary one, and greatly facilitates the enforcing of many claims in

justices' courts; and it must be assumed that the legislature intended the plaintiff should be allowed to take his judgment as in a court of record, unless the complaint, or some part of it, was denied, or a demurrer interposed. Oulman v. Schmidt, 35 Hun, 345, is the first case which passed upon this law. In that case a demurrer was interposed, and in addition the cause of action set forth in the verified complaint was not one provided for by the law of 1881; it being a claim not arising on a contract for the recovery of money only. Then followed that of Thomas v. Jones, 47 Hun, 81, in which a demurrer was also interposed; and the court determined that, because of its interposition, judgment was erroneously taken without common-law evidence of the plaintiff's claim. In Lansing v. Stevens (Sup.) 3 N. Y. Supp. 79, a demurrer was also interposed, and the court held that judgment taken without evidence was improper. The charter of the city of Buffalo, providing for a municipal court in that city, contained practically the same provisions as are contained in the law of 1881 with respect to entering judgment by default upon a verified complaint; and that provision was construed in Humble v. McDonough, 5 Misc. Rep. 508, 25 N. Y. Supp. 965, in which the court held an answer stricken out as sham by the justice was in fact a good answer, and that the court erred in striking it out and allowing judgment upon the verified complaint. While the cases above referred to at first blush seem to hold that any sort of an answer or demurrer interposed to a verified complaint would prevent the rendering of judgment without proof, yet, upon a careful consideration of the circumstances under which those cases arose, it will be seen that none of them goes so far as to say that a clearly frivolous answer—one which raises no issue—shall be treated as a good answer, for the purpose of preventing judgment being entered upon a verified complaint. When an answer is frivolous, it must be treated as a nullity, and the plaintiff is entitled to judgment as though no answer had been interposed. If it raises no material issue by the denial of any facts set forth in the complaint, or by the setting up of any new matter material to the action, it fails to perform its office as an answer, and it has no legal effect. If the contention of the defendant that any answer prevents the rendering of judgment upon a verified complaint is true, then a paper containing matter wholly irrelevant to the action might be interposed, and labeled an answer, and thus prevent the rendering of judgment. In the cases above considered, bearing upon chapter 414 of the Laws of 1881, it will be observed that all of them arose upon demurrer. A demurrer to a complaint stands in much different relation to the action from a frivolous answer. Although the demurrer may not be good, yet it forms a part of the record of the case, and is entitled to remain in the case, as a part of the record. Bank v. Rogers (Super. Buff.) 3 N. Y. Supp. 50. I think that the legislature must have meant, in providing for the taking of judgments by default upon a claim for money only by the service of a verified complaint with the summons, that a good answer must be interposed in order to prevent the taking of the judgment, and that it did not mean that any answer, whether good or bad, would have that effect. The judgment must be affirmed, with costs.

    Judgment affirmed, with costs.