## ST. ALBANS BEEF CO. v. ALDRIDGE.

(Supreme Court, Appellate Division, Third Department.   May 2, 1906.)

1. PLEADING—BILL OF PARTICULARS—OFFICE.

> The office of a bill of particulars is to amplify a pleading and to limit the proof, and not to change a cause of action stated in the complaint or to state cause of action other than the one there stated.
>
> [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 949.]

2. CORPORATIONS—FOREIGN CORPORATIONS—DOING BUSINESS IN STATE.

> The complaint in an action by a foreign corporation was in the usual form for goods sold and delivered on an agreed price, without alleging where the goods were sold.   An itemized statement filed in response to the demand of defendant recited that the goods were sold to defendant on orders obtained by a traveling salesman of the corporation at New York and were received by defendant there.   *Held*, that the statement was not inconsistent with proof that the sales were made at the residence of the foreign corporation when the orders were approved and that the delivery was made to defendant by a delivery to a carrier, sufficient to show that the corporation was not doing business in the state within General Corporation Law, Laws 1890, p. 1063, c. 563, § 15, as amended by Laws 1901, pp. 267, 1326, cc. 96, 538, and Laws 1904, p. 1250, c. 490, prohibiting a foreign corporation which has not procured a certificate authorizing it to do business in the state from maintaining an action on a contract made by it in the state.

3. PAYMENT—PAYMENT BY NOTE—RIGHT TO SUE ON ORIGINAL DEBT.

> The fact that a seller of goods accepted the buyer's note for the purchase price does not prevent the bringing of an action on the original claim after the maturity and nonpayment of the note; the seller having the note in its possession and offering it in evidence to show the liquidation of the account sued on.
>
> [Ed. Note.—For cases in .point, see vol. 39, Cent. Dig. Payment, §§ 70, 76.]

Appeal from Trial Term.

Action by the St. Albans Beef Company against Lincoln J. Aldridge.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

D. H. Agnew, for appellant.
Thomas B. Cotter, for respondent.

CHESTER, J.   The action is for goods sold and delivered.   The plaintiff is a foreign corporation.   The defense is that the goods were sold to the defendant in this state, and that the plaintiff had not procured a certificate from the Secretary of State authorizing it to do

business in this state, as required by section 15 of the general corporation law (Laws 1890, p. 1063, c. 563, as amended by Laws 1892, p. 1805, c. 687, § 15, as amended by Laws 1901, pp. 267, 1326, cc. 96, 538, and Laws 1904, p. 1250, c. 490). The trial court found that the place of business of the plaintiff was at St. Albans, Vt.; that by a traveling salesman it solicited orders from the defendant for the goods in question at Rouses Point, N. Y.; that such orders were sent to and filled by the plaintiff at St. Albans, delivery being made to the defendant by delivering the same to a transportation company at that place. There was sufficient evidence to sustain these findings. The court found as conclusions that the plaintiff was not doing business within this state within the meaning of section 15 of the general corporation law, and that such sales were not made within this state. Judgment was awarded to the plaintiff for the amount claimed, and the defendant appeals.

Before answering, the defendant demanded an itemized statement of the account mentioned in the complaint, in which it was requested that "the place where" the goods were sold to the defendant should be stated. In response to this demand the plaintiff's attorneys served such itemized statement, verified by one of such attorneys, which, after specifying the items, contained the following:

"All the above items of merchandise were sold to the defendant upon orders obtained by the traveling salesman, agents or factors of the plaintiff, at Rouses Point, N. Y., and were received by the defendant at Rouses Point, N. Y.

At the opening of the trial the defendant's counsel moved upon the pleadings and "bill of particulars" to dismiss the complaint for insufficiency, and on the ground that the plaintiff has not legal capacity to sue and maintain this action. This was denied, and the defendant excepted.

The defendant construes the itemized statement of the account as a bill of particulars, and the paragraph quoted therefrom as an admission or allegation that the goods were sold at Rouses Point, and seeks to read this into the complaint, and in that way to subject the plaintiff to the provision of said section 15 prohibiting a foreign corporation which has not procured the certificate authorizing it to do business in this state from maintaining an action here upon any contract made by it in the state. The complaint is in the usual form for goods sold and delivered upon an agreed price, but it does not allege where the goods were sold to the defendant. The refusal of the court was correct for two reasons: First, the office of a bill of particulars, if this statement of account should be regarded as such, is to amplify a pleading and to limit the proof, and not to change a cause of action stated in the complaint or to state a cause of action other than the one there stated; and, second, there is no admission or allegation in the extract quoted that the goods were sold at Rouses Point. The admission is that the merchandise was sold upon orders obtained at Rouses Point, and that the same was received by the defendant there. There was no statement that the goods were sold there, or delivered there. This is altogether consistent with plaintiff's proof that the orders taken by plaintiff's traveling salesmen at Rouses Point were sent to the plaintiff at St. Albans, subject to its approval; that the sales were made at

St. Albans when the orders were approved by the plaintiff there; that the delivery was made to the defendant by delivering the goods to the transportation company there; and that the freight was paid by the defendant when he received the goods at Rouses Point.

It was incumbent upon the defendant, if it was to succeed under its defense, to show that the plaintiff was doing business in this state and that the contract sued upon was made by it in this state. Neither of these things were proven, nor was it shown that the plaintiff had any office or place of business in this state. It was said by Herrick, J., in Tallapoosa Lumber Co. v. Holbert, 5 App. Div. 559, 39 N. Y. Supp. 432:

"The procuring of orders for goods by commercial agents traveling in this state, which orders have to be transmitted to the home office in another state for approval there, and then the goods shipped from the home place of business to the purchaser in this state, where the foreign corporation has no office or place of business, does not, I think, constitute 'doing business in this state' within the meaning of the statute. Murphy Varnish Co. v. Connell, 10 Misc. Rep. 553, 32 N. Y. Supp. 492; Novelty Manufacturing Co. v. Connell, 88 Hun, 254, 34 N. Y. Supp. 717."

To the same effect is Jones v. Keeler, 40 Misc. Rep. 221, 81 N. Y. Supp. 648, Vaughn Machine Co. v. Lighthouse, 64 App. Div. 138, 71 N. Y. Supp. 799, and Penn. Collieries Co. v. McKeever, 183 N. Y. 98, 75 N. E. 935.

The motion made by the defendant for a nonsuit at the close of plaintiff's proofs, on the ground that it had failed to allege and prove that it had obtained authority to do business in this state, was therefore properly denied. The fact that plaintiff had accepted the defendant's note for its claim did not stand in the way of its bringing an action upon its original claim after the maturity and nonpayment of the note; it still having it in its possession and offering it in evidence on the trial to show the liquidation of the account sued upon. Jagger Iron Co. v. Walker, 76 N. Y. 521.

The rulings as to the admission of testimony present no error.

The judgment should be affirmed, with costs. All concur, except PARKER, P. J., not voting.