(68 Misc. Rep. 379.)

AMERICAN CASE & REGISTER CO. v. GRISWOLD et al.

(Supreme Court, Trial Term, Washington County.   July, 1910.)

1. SALES (§ 117*)—RESCISSION—DELAY IN DELIVERY.

A contract for sale of an account register, to be delivered on April 1st or as soon thereafter as practicable, cannot be canceled by the buyer for failure to deliver until May 30th, where the delay is explained.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 291; Dec. Dig. § 117.*]

2. SALES (§ 116*)—RESCISSION—GROUNDS.

Where the seller agreed to give a bond to indemnify the buyer against infringements of patents, and was willing to furnish the bond, the buyer, in an action to rescind the contract for delay in delivery, cannot urge as a ground for rescission that the bond was not in fact given.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 116.*]

3. PLEADING (§ 408*)—WAIVER OF OBJECTIONS—FAILURE TO STATE CAUSE OF ACTION—FOREIGN CORPORATIONS.

Failure to demur to a complaint in an action by a foreign corporation, on the ground that it does not show a compliance by such corporation with General Corporation Law (Consol. Laws, c. 23) § 15, requiring as a condition precedent to the doing of business in the state and suing in the state upon a contract made there certain steps to be taken, is not a waiver of the objection that the complaint does not state a cause of action, as such objection may be taken by demurrer, answer, or motion; Code Civ. Proc. § 499, providing that if objections be not taken by demurrer or answer on grounds which are grounds for demurrer where appearing on the face of the complaint, the objection will be deemed waived, except the objection to the court's jurisdiction, or the objection that the complaint does not state a cause of action.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 408.*]

4. CORPORATIONS (§§ 648, 672*)—FOREIGN CORPORATIONS — ACTIONS — CONDITIONS PRECEDENT.

General Corporation Law (Consol. Laws, c. 23) § 15, provides that no foreign stock corporation, etc., shall do business in the state without having first procured a certificate that it has complied with the requirements of law to authorize it to do business in the state, and that no such corporation shall sue upon a contract made in the state, unless prior to the making of such contract it shall have procured such certificate. Held, that the section presents a condition precedent to the right of a foreign stock corporation to do business in the state, and it must allege and prove that the statute has been complied with.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2516, 2647; Dec. Dig. §§ 648, 672.*]

5. SALES (§ 56*)—PLACE WHERE MADE.

An agent of an Ohio corporation obtained an order for goods in New York subject to acceptance by the corporation and transmitted the order to it in Ohio, and the order was accepted there.   Held, that the contract was an Ohio, and not a New York, contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 154; Dec. Dig. § 56.*]

6. CORPORATIONS (§ 642*)—FOREIGN CORPORATIONS — "DOING BUSINESS" IN THE STATE.

An Ohio corporation procured through an agent in New York orders for purchase of goods subject to approval in Ohio under a contract with the agent requiring him to keep an office in the corporation's name, and providing that all rights to the records of the office should be exclusively in the corporation, but that the commissions paid the agent should be

in full compensation for maintenance of the office and expenses of the agent in New York.  *Held*, that the corporation was not doing business in New York, within General Corporation Law (Consol. Laws, c. 23) § 15.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*

For other definitions, see Words and Phrases, vol. 3, pp. 2155–2160; vol. 8, pp. 7640–7641.]

7. CORPORATIONS (§ 661*)—FOREIGN CORPORATIONS—ACTIONS—RIGHT TO SUE.
In an action by a foreign corporation on a contract, to raise the objection that plaintiff has not complied with General Corporation Law (Consol. Laws, c. 23) § 15, on motion to dismiss after the evidence is in, it must appear that the contract sued upon was made by plaintiff in the state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2544; Dec. Dig. § 661.*]

Action by the American Case & Register Company against Morgan B. Griswold and others.  Judgment for plaintiff.

J. Sanford Potter, for plaintiff.
Otis A. Dennis, for defendants.

VAN KIRK, J.  The complaint shows that this is an action brought to recover the purchase price of a certain account register, which the defendants agreed in writing to purchase from the plaintiff for the sum of $270.  Twenty-five dollars were paid down, and the complaint demands judgment for the sum of $245, with interest from June 19, 1908.  The register was to be delivered on the 1st day of April, "or as soon thereafter as practicable."  It was not delivered until on or about the 20th day of May, but a sufficient explanation has been made on behalf of the plaintiff for the delay in delivery.  The defendant, by letter dated May 13, 1908, communicates with the plaintiff as follows:

"Please cancel our order for credit register placed by your representative H. R. Fussell on February 18th.  This order was to have been filled by April 1st and we are unwilling to wait any longer."

Defendants attempted to cancel the order because of delay in delivery.  I do not think this was a sufficient ground for canceling the order.

The defendants urge two separate defenses in addition to the delay in delivery.  One is that by an oral agreement made at the time the contract was signed the general agent, Mr. Fussell, agreed that, inasmuch as there were some charges that the cash register was an infringement upon patents owned by another, the plaintiff should furnish to the defendants a bond to indemnify them against costs, damages, etc., by reason of any infringement; also that it should furnish certain cuts and advertising matter in connection with the register.  The correspondence subsequent to the contract shows that the plaintiff recognized an obligation to furnish such a bond; and in a letter to the defendants it is recited that plaintiff incloses a bond.  A copy of the bond claimed to have been mailed is in evidence.  The plaintiff thereby evinces its willingness to furnish a bond; and, if the bond had not been inclosed or was unsatisfactory, the defendants would naturally have called plaintiff's attention to it, but they have not done so.  The fair

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

inference is that the bond was inclosed, but has been overlooked by the defendants. In any event, no harm could come to the defendants until they had used the register; and, the plaintiff being evidently willing to furnish a bond, under the circumstances of the case, the order having been canceled on another ground, the defendants cannot now defend on the ground that a sufficient bond was not furnished. As to the agreement to furnish cuts and advertising matter, I find no unwillingness upon the part of the plaintiff to furnish such; and I do not think the failure to furnish such under the circumstances is a defense against the claim of the plaintiff.

The furnishing of the bond, the cuts, and advertising matter was not a condition precedent to the delivery. If there was a valid collateral agreement to furnish these things, defendants must still accept the delivery, and then, on plaintiff's failure to furnish, they would have an action for damages. Chapin v. Dobson, 78 N. Y. 74, 80, 81, 34 Am. Rep. 512.

I do not pass upon the question whether or not the verbal agreement was merged in the written agreement, because it is not material under the above holding. The defendants having attempted to cancel the order and having refused to accept the register, because of delay in delivery, the only defense necessary to consider is that which arises under section 15 of the general corporation law (Consol. Laws, c. 23), upon defendants' motion to dismiss the complaint after all the evidence is in. The complaint says that the plaintiff is a corporation duly incorporated under the laws of the state of Ohio, located and doing business at Alliance, Ohio, and having no office or place of business within this state. The complaint contains no allegation with reference to compliance with said section 15. The defendants did not demur; but this was not a waiver of the objection that the complaint does not state facts sufficient to constitute a cause of action, as this objection may be taken either by demurrer, answer, or motion. Code Civ. Proc. §§ 533, 499. The requirement of section 15 of the general corporation law presents a condition precedent to the right of a foreign stock corporation to do business in this state; and it is necessary that the plaintiff should allege and prove that this statute has been complied with, provided the plaintiff comes within this statute. The statute provides as follows:

"No foreign stock corporation, other than a moneyed corporation, shall do business in this state without having first procured from the secretary of state a certificate that it has complied with all the requirements of law to authorize it to do business in this state, and that the business of the corporation to be carried on in this state is such as may be lawfully carried on by a corporation organized under the laws of this state for such or similar business. * * * No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state, unless, prior to the making of such contract, it shall have procured such certificate."

It is conceded that the plaintiff is a foreign stock corporation, is not a moneyed corporation, and has not procured the said certificate. The answer made by the plaintiff to this objection is (1) that the contract was not made in this state; and (2) that the plaintiff has not been, and is not, doing business in this state. The evidence upon this question,

besides the fact that it sold this register in the state of New York, is as follows:

"The American Case & Register Company did not maintain any office in the state of New York during the period from February 15 to May 20, 1908; but the contract, a copy of which is attached to this deposition, required Mr. Fussell, who was employed as general agent, to sell goods for the American Case & Register Company in certain counties in New York state, to maintain an office in the name of the American Case & Register Company, and the American Case & Register Company was not to and did not pay any of the expenses, such as clerk hire, furnishings, etc., for the maintenance of the office."

The agreement between said Fussell and the plaintiff provides:

"It is hereby understood and agreed that the commissions paid to the general agent, under the terms and conditions herein set forth, shall be full and complete compensation for the maintenance of a general office, traveling expenses, clerk hire, insurance on supplies; and said office is to be opened and operated under and in the name of said company and all rights to the data and records of said office to belong exclusively to said company."

Mr. R. S. Kayler, secretary and treasurer of plaintiff, on cross-examination, testified as follows:

"Q. Was your company engaged in doing business in the state of New York in the spring and summer of 1908?  A. Yes; they were.

"Q. Did Mr. H. R. Fussell have charge of your business in the county of Washington and state of New York in the spring of 1908?  A. Yes."

In Portland Co. v. Hall & Grant Const. Co., 123 App. Div. 495, 108 N. Y. Supp. 821, it is held that where a plaintiff, suing upon a contract made in this state, alleges that it is a foreign corporation, "there is a presumption that it is a foreign stock corporation and within the prohibition contained in section 15 of the general corporation law."  So that, if no proof had been offered in the case, if the contract was made in this state, it would be presumed that the plaintiff was within the statute; and, not having procured the required certificate, could not prosecute this action.  But in St. Albans Beef Co. v. Aldridge, 112 App. Div. 803, 805, 99 N. Y. Supp. 398, 400, is this:

"The procuring of orders for goods by commercial agents traveling in this state, which orders have been transmitted to the home office in another state for approval there, and then the goods shipped from the home place of business to the purchaser in this state, where the foreign corporation has no office or place of business, does not, I think, constitute 'doing business in this state,' within the meaning of the statute."

The order signed by the defendants, which is the contract made between the plaintiff and defendants for the register, recites that it is the agent's contract.  It is an order that the plaintiff ship, f. o. b., Alliance, Ohio, the register; and it is provided, further, that this order is taken subject to acceptance by the American Case & Register Company at Alliance, Ohio.  So that the sale was a sale by an agent traveling in this state, by an order transmitted to the home office in another state for approval there, and the register was to be shipped from the home place of business, f. o. b., Alliance, Ohio.  The element of the evidence in the case at bar, which differs from that in which Judge Herrick wrote, is that here there is a general office at Albany, established under the agent's agreement.  By this agreement the agent

agreed to maintain a general office in Albany, which was to be maintained in the name of the plaintiff, and all of the records of the office were to belong to the plaintiff. The expenses, rent, clerk hire, etc., were to be paid by the general agent out of his commissions. So that the expenses of the general office came directly from the plaintiff, and it is in no respect in any different circumstances with regard to doing business in this state than if it had directly rented a general office and paid the expenses thereof for the use of its agent or representative. Still, under Penn. C. Co. v. McKeever, 183 N. Y. 98, 75 N. E. 935, 2 L. R. A. (N. S.) 127, the plaintiff was not doing business in this state within the meaning of the statute.

Also, the prohibition of the statute is that such a corporation shall not maintain any action in this state "upon any contract made by it in this state." Now, this particular contract was not made in this state. The order was taken by an agent. By the terms of this order there was not a purchase and sale, a completed contract, until the order was approved at Alliance, Ohio, and the goods were delivered at Alliance, Ohio, f. o. b. The defendants were to pay the freight from Alliance. Under such circumstances, I understand the rule to be that the contract and the delivery were made at Alliance. That is, the goods were sold in Ohio. St. Albans Beef Co. v. Aldridge, 112 App. Div. 805, 99 N. Y. Supp. 398; 22 Am. & En. Ency. (2d Ed.) 1339.

In St. Albans Beef Co. Case, at page 805 of 112 App. Div., at page 400 of 99 N. Y. Supp., the court said:

"It was incumbent upon the defendant, if he was to succeed under his defense, to show that the plaintiff was doing business in this state, and that the contract sued upon was made by it in this state."

While now under the decision in Wood & Selick v. Ball, 190 N. Y. 217, 83 N. E. 21, this burden does not rest upon the defendant, still the fact remains that, in order to make this objection good, upon the motion to dismiss, after the evidence is in the case, it must appear that the contract sued upon was made by the plaintiff in this state. We think the evidence shows that the contract was made in Ohio. Aultman Miller & Co. v. Holder (C. C.) 68 Fed. 467; Shuenfeldt v. Junkermann (C. C.) 20 Fed. 357; Hyde v. Goodnow, 3 N. Y. 266; Backman v. Jenks, 55 Barb. 468.

There is no claim that the register was not the exact article contracted for, and defendants should have accepted delivery. The plaintiff is entitled to judgment. Findings may be prepared accordingly.

Judgment for plaintiff.