MAX MAAS and Others, as Executors, etc., of SARAH D. MAAS, Deceased, Appellants *v.* MOSES L. MALEVINSKY, Respondent.

First Department, May 27, 1921.

Pleadings — answer — motion to strike out and to make definite and certain — denial of allegations except as specifically admitted — defenses containing denials — bills and notes — right to sue on original loan.

In an action to recover a loan the plaintiff is entitled to have the defendant's answer made definite and certain where it denies "each and every allegation set forth and contained" in certain numbered paragraphs of the complaint, "except as hereinafter specifically admitted," for although there are apparently explicit denials, a loophole is left open in qualifying them with the exception as to alleged specific admissions, which are difficult of ascertainment.

The separate defenses, in each of which there is a reaffirmation of prior allegations of the answer containing denials, are improper since plaintiffs would not be in a position to contest the sufficiency of any of the defenses upon motion.

A lender of money may sue upon the original loan or upon the note if one is given, and, hence, defendant's second defense, which seems to be predicated upon the idea that if plaintiffs have any cause of action whatsoever it is upon a promissory note, is insufficient.

APPEAL by the plaintiffs, Max Maas and others, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of December, 1920, as resettled by an order entered in said clerk's office on the 2d day of March, 1921, as denies plaintiffs' motion to strike out

First Department, May, 1921.　　　.　　　[Vol. 197

and to make definite and certain various allegations and matters set forth and recited in defendant's amended answer.

*Leon Lauterstein* of counsel [*Samuel A. Adamson* with him on the brief; *Wise & Seligsberg*, attorneys], for the appellants.

*M. L. Malevinsky* of counsel [*O'Brien, Malevinsky & Driscoll*, attorneys], for the respondent.

GREENBAUM, J.:

The complaint alleges in plain and concise words the making of a loan to defendant of $9,000 by plaintiffs' testatrix, the defendant's mother-in-law, at his request between and during the years 1906 to 1909; a promise by defendant to repay; payment of $1,500 during the lifetime of the testatrix on account; defendant's promise after her death to the plaintiffs, executors, to pay the balance of $7,500 on or before May 1, 1920, and defendant's failure to pay any part of said balance excepting the sum of $2,500.

Simple as is this complaint, the answer contains denials that are evasive in character and defenses couched in language which lacks clarity of meaning and gives a semblance of defenses, which upon close examination tend to lead to confusion and uncertainty as to what some of them really are. In the 2d paragraph of the answer the defendant denies " each and every allegation set forth and contained in paragraphs 3, 4, 5, 6, 7 and 8 of the complaint, except as hereinafter *specifically admitted*." (Italics ours.)

Although there are apparently explicit denials a loophole is left open in qualifying them with the exception as to alleged specific admissions, which are difficult of ascertainment. The only direct admission appears in the " third " paragraph of the answer in which it is alleged that the " plaintiffs' testatrix loaned defendant the sum of $9,000 " prior to the year 1910, coupled, however, with a reference to a denial of indebtedness because of the acceptance by the testatrix of certain promissory notes of defendant, the details of which are not disclosed. In the " fourth " paragraph there is a jumble of statements concerning promissory notes, which tend further to confuse the issues.

The answer also contains three so-called separate defenses

in each of which there is a reaffirmation of each of the criticised allegations in paragraphs 2, 3 and 4 of the answer. With such denials left in the answer, plaintiffs would not be in a position to contest the sufficiency of any of these defenses upon motion.

The first defense apparently seems to be based upon the theory that when the defendant executed his notes it was understood between him and his mother-in-law that he need not pay the note or notes when due, but at his " convenience and choice " and that he does not find it convenient at present to pay. The second defense seems to be predicated upon the idea that if plaintiffs have any cause of action whatsoever " it is upon a promissory note and not upon an open loan."

It seems to be well settled that a lender may sue upon the original loan or upon the note if one is given. (*Jagger Iron Co.* v. *Walker,* 76 N. Y. 521, 524; *St. Albans Beef Co.* v. *Aldridge,* 112 App. Div. 803, 806.)

The third defense is based upon the plea of usury. If defendant has any genuine defenses to the plaintiffs' claim there is no reason why he should not be obliged to state them in ordinary and concise language without repetition, as required by section 500 of the Code of Civil Procedure, and why he should not aver his denials in such clear and unequivocal language that " he who runs may read."

The order is reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to the defendant to serve an amended answer upon the payment of taxable costs and disbursements to date.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to defendant to serve amended answer on payment of taxable costs and disbursements to date.