Van Voorhis, J.
On August 9, 1946, one Ernest E. Altman borrowed $900 from plaintiff bank, for which he gave his note and chattel mortgage on his 1942 Packard sedan. The chattel mortgage was duly filed in the office of the clerk of the county of Sullivan, New York, where Altman resided. By November 20, 1946, Altman had reduced this loan to $675 and was made another loan by plaintiff on a new note of $1,056, of which $675 was credited in payment of the former note and the balance, less discount, delivered to Altman. A new chattel mortgage securing this note was given on the same automobile, but the original chattel mortgage was not released nor discharged of record. The first note was stamped paid. But before the second note and mortgage were given, and on October 28, 1946, Altman sold and delivered said Packard automobile to defendant Chester Shapiro, who brought it to New York City. Plaintiff knew nothing of this sale, nor did Shapiro have actual (although he had constructive) notice of the chattel mortgage filed in Sullivan County. On April 21, 1947, Altman gave to plaintiff *372 a further note for $1,056 and a third chattel mortgage upon the same automobile. By then the second note had been reduced to $704 and the excess was paid to Altman, less the discount. The balance due on the last note is $880.
Plaintiff sues defendant in conversion. Plaintiff claims against defendant the amount of its alleged special property in the automobile by reason of these transactions. There was a conversion when defendant, having constructive notice of this chattel mortgage, bought and removed the automobile from Sullivan County in violation of the terms of the chattel mortgage without plaintiff’s consent, which will sustain a recovery by plaintiff provided that the original chattel mortgage is still a lien.
The complaint has been dismissed upon the ground that Altman no longer owned the automobile when he gave the last two chattel mortgages thereon to plaintiff, and that the note secured by the first chattel mortgage has been paid out of the avails of the second note, with the consequence that the first chattel mortgage, although never released, no longer secures anything and its lien has been extinguished. We take another view.
A promissory note is delivered and accepted as evidence of a debt rather than in payment thereof, unless there be an agreement that the note is received in payment of the debt. In Maas v. Malevinsky (197 App. Div. 99, 101) this Department said: “ It seems to be well settled that a lender may sue upon the original loan or upon the note if one is given. (Jagger Iron Co. v. Walker, 76 N. Y. 521, 524; St. Albans Beef Co. v. Aldridge, 112 App. Div. 803, 806.)”
In the Jagger Iron Co. case (supra) the Court of Appeals said (p. 524): “ These cases all go upon the principle, that the taking of a debtor’s note, does not merge or extinguish the demand for which it is taken. The original consideration remains. Indeed, but for the original consideration, the note would have no force. It is but a promise to pay, put in writing. If there is no debt existing to be paid, the promise to pay it is, so to speak, null. The promise to pay is not payment, when first made, nor idhen at any time it is renewed; (see 20 Wend. [17] [supra] ; Waydellv. Luer, 5 Hill, 448; Cole v. Sackett, 1 id., 516.) The operation of such a note, is, to extend the time of payment until the note becomes due. If it be not paid then, the creditor may sue upon the original demand, and bring the note into court, to be given up on the trial; (Muldon v. Whitlock, 1 Cow., 290.)” (Emphasis supplied.)
*373 When the first note given by Altman was marked paid, it was merely renewed. The fact that the second note was larger in amount does not prevent its being a renewal to the amount of the prior note. Only the excess over the previous note was paid in cash to Altman; the rest ivas just a bookkeeping transaction. The original debt was not extinguished. Marking the first note paid signified that the first negotiable instrument which evidenced the debt had been cancelled and superseded pro tanto by another. It is well established that a second chattel mortgage upon the same property covered by a former chattel mortgage, to secure the same debt, is not of itself a cancellation of such first mortgage, even though the second has been given to secure a larger loan (Hill v. Beebe, 13 N. Y. 556; Shuler v. Boutwell, 18 Hun 171; Gregory v. Thomas, 20 Wend. 17).
In the case last cited, in an opinion by Cowen, J., it was held that to render the second obligation a bar to the first, there must be an express release, or at least a covenant not to sue. The court said (p. 20): “In all those [cases] respecting specialties, which I have cited from Cro. Eliz., Cro. Car. and Lit., there was an agreement to accept and an acceptance of the second bond in satisfaction of the first; and yet held that this was no accord and satisfaction. The bonds were between the same parties. To make the second a bar, there must he a release express, or at least implied, from a covenant not to sue. And this distinction was held in Phelps v. Johnson, 8 John. 58. In Ene’s case, the plea was that the plaintiff took the second obligation in satisfaction of the first. Hutton, J. said, a chose in action cannot be a satisfaction. Even a security of a higher nature, if it be taken expressly as a collateral security, will not extinguish the inferior. Day v. Leal, 14 John. 404. And more as was said in Eiggen’s case, where the securities are of equal degree, they shall be intended and held to be distinct and independent, although both are liens upon property. A debt is not honestly extinguished till it is paid in cash; and to multiply artificial mergers will be far from tending to fairness of dealing.” (To the same effect are Alferits v. Ingalls, 83 F. 964, 968-969, and 14 C. J. S., Chattel Mortgages, § 339, p. 987.)
In this case, the first chattel mortgage, on which alone defendant is liable, stated that it was given to secure the first note, which meant presumptively that it was given also to secure the debt for which the note was given. When the first note was later renewed, the debt was not thereby extinguished. Defendant is liable for the unpaid amount of the debt which was *374 secured by the first chattel mortgage that was in existence at the time when defendant converted the automobile.
The judgment appealed from should be reversed so as to award to plaintiff a recovery of $675 damages, which was the amount of the debt against the automobile at the time when it was converted, with interest from the date of conversion, and costs in both courts.
Pecic, P. J., Callahan and Shientag, JJ., concur; Glennon, J., dissents and votes to affirm.
Judgment reversed so as to award to plaintiff a recovery of $675 damages, which was the amount of the debt against the automobile at the time when it was converted, with interest from the date of conversion, with costs in both courts. Settle order on notice.