(20 Misc. Rep. 125.) ·

### NATIONAL KNITTING CO. v. BRONNER et al.

(Supreme Court, Trial Term, Onondaga County. April, 1897.)

1. FOREIGN CORPORATIONS—RIGHT TO DO BUSINESS IN STATE.
    A foreign corporation which has no place of business in New York, but sells goods through traveling salesmen, and requires orders to be approved at its home office, does not "do business" therein, within Laws 1892, c. 687, § 15, requiring foreign corporations to obtain certificates of authority for that purpose.

2. PLEADING—FRIVOLOUS ANSWER.
    An answer alleging the want of such certificate, in an action for the price of the goods, will be stricken out as frivolous.

Action by the National Knitting Company against Gus Bronner and another. Plaintiff moves to strike out the answer as frivolous. Granted.

Thomas Hogan, for the motion.
Benjamin F. Stolz, opposed.

HISCOCK, J. This action is brought by the plaintiff, which is a foreign corporation organized under the laws of the state of Wisconsin and having its place of business therein, to recover the sum of $1,502.65, upon the ground that "plaintiff sold and delivered to said defendants goods, wares, and merchandise at their special instance and request, and upon their promise to pay plaintiff therefor, to the amount and of the value of $1,502.65, no part of which has been paid," etc. The answer in question sets up the fact that plaintiff is a foreign corporation, as above stated; that it made the contract for the sale and delivery of the merchandise mentioned during the year 1896, "and conducted the said business and entered into such contract in the state of New York; that the contract set forth in the complaint * * * was made at the city of Syracuse, N. Y.," and at the time of such sale and delivery the plaintiff had not procured from the secretary of state of New York a certificate that it had complied with the requirements of law to authorize it to do business in this state, and that the business of said corporation was such as might be carried on by a corporation incorporated under the laws of this state. The plaintiff, so far as appears, has no place of business within this state. The question presented upon this motion, therefore, is whether section 15, c. 687, Laws 1892, with reference to the procuring by a foreign corporation of a certificate of authority to "do business in this state," applies to this plaintiff upon the facts as they appear in the pleadings herein. I do not think it does. In the first place, there is nothing to render the presumption at all violent or unfair to the defendants that the contract for the sale of the goods mentioned in the complaint and alleged in the answer to have been made in Syracuse was made by plaintiff, a corporation necessarily acting through agents, by the ordinary means of a traveling salesman, and that said order and contract, although taken and made at Syracuse, was subject to the approval of plaintiff, and to be executed by it from its regular place of business in Wisconsin. It is settled that such a contract and transaction does not come within the provisions of the law in question. Lumber Co. v. Holbert, 5 App. Div. 559, 39 N. Y. Supp. 432. In the second place, so far as appears, the transaction involved herein was a single one, and the only one ever performed or conducted in this state. Such a single transaction or occurrence is not "doing business," within the provisions of law under discussion. Manufacturing Co. v. Ferguson, 113 U. S. 727, 5 Sup. Ct. 739. The motion is therefore granted, with $10 costs.

Motion granted, with $10 costs.