PEOPLE ex rel. H. B. SMITH CO. v. ROBERTS, Comptroller.

(Supreme Court, Appellate Division, Third Department.   March 21, 1898.)

1. TAXATION—FOREIGN CORPORATIONS—INTERSTATE COMMERCE.

Where the only business carried on by a nonresident corporation in New York was that of soliciting orders through agents, and thereafter shipping the goods direct to the purchaser from the home factory, the business cannot be taxed under Laws 1880, c. 542, providing for the taxation of franchises of foreign corporations, since such tax would be a burden on interstate commerce.

2. SAME—DOING BUSINESS IN THE STATE.

A foreign corporation leased an office in the state, in which was kept about $4,000 worth of samples for its agents as incidental to the business of taking orders and making sales in New York. It also had an average balance of $3,470 in a bank in said city. *Held*, that the corporation was not doing business in the state, within Laws 1880, c. 542, imposing a franchise tax on foreign corporations.

Certiorari by the people of the state of New York, on relation of the H. B. Smith Company, against James A. Roberts, as comptroller of the state of New York, to review defendant's determination refusing to revise the tax of relator. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Edmund L. Cole (John B. Green, of counsel), for relator.

T. E. Hancock, Atty. Gen. (G. D. B. Hasbrouck, Dep. Atty. Gen., of counsel), for respondent.

PUTNAM, J. The papers submitted show that the only business carried on by the relator in this state during the year ending November 1, 1895, was that of soliciting orders through agents, and that, when the orders were obtained, the goods were shipped from its

factory at Westfield, Mass., to the purchaser. Such a business cannot be taxed in this state. Brennan v. City of Titusville, 153 U. S. 289, 14 Sup. Ct. 829; Robbins v. Taxing Dist., 120 U. S. 489, 7 Sup. Ct. 592. In the carrying on of its business of soliciting and obtaining orders within this state, the relator had the lease of an office in New York City, in which it kept samples of the value of about $4,000, and it also kept a bank account, in which the average balance was $3,470. But such fact did not render the relator liable to taxation under the provisions of Laws 1880, c. 542, and acts amendatory thereof, on account of said lease, or for the value or amount of said samples and bank balance. Such lease, bank account, and samples were merely incidental to the business of soliciting orders and making sales, which the relator could carry on in this state without being liable to taxation. People ex rel. Washington Mills Co. v. Roberts, 8 App. Div. 201, 40 N. Y. Supp. 417; Id., 151 N. Y. 619, 45 N. E. 1134; People ex rel. Brewing Co. v. Roberts, 22 App. Div. 282, 47 N. Y. Supp. 949. In the case last cited it is said that "the fact that the machinery with which an interstate business is carried on is to some extent located within this state does not make such business taxable here." See People ex rel. Pennsylvania R. Co. v. Wemple, 65 Hun, 252, 20 N. Y. Supp. 287; People ex rel. Seth Thomas Clock Co. v. Wemple, 133 N. Y. 323, 31 N. E. 238. We are unable to discover from the papers submitted to us that for the year ending November 1, 1895, the relator had any property in this state liable to taxation under the act of 1880, unless possibly the "odds and ends of repairs" kept on hand during said period, of the average value of $500. The value of the property thus liable to taxation is too inconsiderable to be considered.

The determination of the comptroller should be reversed, with $50 costs and disbursements. All concur.