THE PEOPLE OF THE STATE OF NEW YORK ex rel. A. N. KELLOGG NEWSPAPER COMPANY, Relator, v. JAMES A. ROBERTS, as Comptroller of the State of New York, Respondent.

*Taxation of foreign corporations — securing orders to be executed in a foreign State is not an employment of capital in the State of New York — office conveniences in the State of New York, not taxable.*

A foreign corporation printed, outside of the State of New York, one side of newspapers which it furnished to local publishers in the State of New York, who printed the other side, no part of its business being done in the State of New York, except the soliciting and securing of advertising patronage for such parts of such newspapers, and what was incidental to making, and collecting upon, such contracts, for which purpose it had an office in the city of New York, with a manager and five clerks, the collections being deposited in a New York bank to the credit of the corporation, which alone drew checks upon the same, by which the rent and salaries were paid. The average monthly balance so on deposit was about $6,000, and the annual expenses of the New York office, including the rent and salaries, about $13,000, and the value of the office furniture about $700.

*Held,* that the corporation had no capital employed within the State of New York within the meaning of the statute authorizing the Comptroller of the State of New York to assess its capital stock for taxation;

Office conveniences are permitted within the State of New York to a foreign corporation doing business in another State for use in the work of soliciting orders to be executed in other States, without liability to the franchise tax imposed by the statutes of the State of New York.

CERTIORARI issued out of the Supreme Court and attested on the 26th day of January, 1897, directed to James A. Roberts, as Comptroller of the State of New York, requiring him to certify and return to the office of the clerk of the county of Albany all and singular his proceedings, decisions and actions in assessing the capital stock employed by the relator in the State of New York for the fourteen years ending November 1, 1895, aggregating $1,126.25, and in refusing to revise and readjust his assessment.

The relator is a foreign corporation organized under the laws of the State of Illinois, and has an authorized paid-up capital of $200,000. Its home office and principal place of business is in Chicago, Illinois. Its business consists of printing at Chicago and furnishing from there to the publishers of newspapers, in about 2,000 different places in the United States, one side of their respec-

tive newspapers, in which side the relator inserts in about seventy inches of its space the advertisements of its own customers, the pay for which belongs to the relator, the respective local publishers having no interest therein. Such local publishers print the other side of their respective sheets, inserting therein what they please, and issue the same to their customers. The relator furnishes such "patent insides" or "outsides," so called, from Chicago to about thirty newspaper publishers in the State of New York. No part of the relator's business is done in the State of New York, except the soliciting and securing of advertising patronage for such "patent" part of the newspapers, or of some specified number of them, and what is incidental to making and collecting upon such contracts.

The relator has an office in the city of New York with a manager and five clerks, for the purpose of securing advertising patronage. There it received orders, forwarded them to the home office in Chicago, collected the payments therefor, and deposited the collections in a New York bank to the credit of the home office, which alone drew checks or drafts upon the same. The expenses of the New York office, including rent and salaries, were paid by checks drawn at Chicago and sent to the New York manager. The average of the monthly balances of deposits made in New York for the fourteen years was $5,941.52. Annual expenses of the New York office, including rent and salaries, $12,741.21. Value of office furniture, $700. The Comptroller fixed the capital of the relator employed within this State for twelve years, ending November 1, 1893, at $8,000; tax, $720; for 1894, $16,666; tax, $177.08; for 1895, $16,667; tax, $229.17. The tax was adjusted according to the dividends paid.

*John B. Green,* for the relator.

*G. D. B. Hasbrouck,* *Deputy Attorney-General,* for the Comptroller.

LANDON, J.:

The relator's business in this State is the procurement of orders for advertising, and the collection of payment therefor; the orders themselves are in part executed by the relator outside of the State, and the execution finished by the relator's customers to whom it

152   PEOPLE ex rel. KELLOGG CO. v. ROBERTS.

THIRD DEPARTMENT, MAY TERM, 1898.            [Vol. 30.

furnishes "patent insides" or "outsides," so called, containing the advertisements. It has an agency within the State to procure orders for the business it does without the State. It has an office here as a convenient headquarters. Its bank balance here consists of its collections in payment for its business done elsewhere. These collections are not the product of its capital or commodities employed here, but of its business done elsewhere, and temporarily deposited here. The wages of its employees here and the rent of its office are paid from its earnings, as the nature of its business and its payments of dividends imply.

It is proper to take earnings, rent, wages, bank balances and everything else into consideration that will throw light upon the amount of capital employed within this State, but discrimination must be used to perceive what light is thus thrown. We think it is demonstrated that the relator's capital is not employed in this State within the meaning of the statute. To illustrate — Mr. Smith orders through the New York office his advertisement inserted in 100 newspapers in the State of Wisconsin, and pays $500 to the New York office therefor. The New York office sends the advertisements and list of papers to the Chicago office, and deposits the money in a New York bank to the credit of the relator. The relator at Chicago checks against the deposit, to pay expenses here or elsewhere. The relator renders the services and supplies in Chicago, which result in the execution of the order. It is plain that no part of the order has been executed in New York, nor any part of the relator's capital used there for the purpose of executing it either in Chicago or Wisconsin unless it be the office furniture and rent.

Office conveniences are permitted here to a foreign corporation doing business in another State to solicit orders to be executed in other States without liability to our franchise tax. (*People ex rel. Harlan & Hollingsworth Co.* v. *Campbell*, 139 N. Y. 68; *People ex rel. Washington Mills Co.* v. *Roberts*, 8 App. Div. 201; affd. 151 N. Y. 619; *People ex rel. Chicago Junction, etc., Co.* v. *Roberts*, 154 id. 1.)

The materials which the Chicago office furnished to newspaper publishers in this State did not constitute the employment of capital here within the meaning of the statutes imposing a franchise tax. (*People ex rel. Brewing Co.* v. *Roberts*, 22 App. Div. 282.)

Some stress is placed by the Comptroller upon the form of the relator's returns for the years 1893, 1894 and 1895 ; but the testimony taken, as well as the nature of the relator's business, show that these returns were made under a misapprehension of the law as to what constitutes the employment of capital.

The determination of the Comptroller is reversed, but because of the fact last stated above, without costs.

All concurred.

Determination of the Comptroller reversed, without costs to either party.