E. T. BURROWES CO. v. CAPLIN.

(Supreme Court, Appellate Division, Second Department. June 29, 1908.)

CORPORATIONS—FOREIGN CORPORATIONS—"DOING BUSINESS IN THE STATES."
    Where a foreign corporation maintains a salesroom in a city of this state, where no goods except samples are kept, and orders are sent to the home office in another state, where they are accepted, and the goods are shipped from there directly to purchasers, and the books of account are kept at the home office, from which all employés are paid directly, and there is no bank account in this state, the corporation is not "doing business in this state," within the meaning of General Corporation Law, Laws

1892, pp. 1805, 1806, c. 687, §§ 15, 16, requiring compliance with certain conditions by foreign corporations doing business in the state.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 3, pp. 2155–2160; vol. 8, pp. 7640, 7641.]

Appeal from Municipal Court of New York.

Action by the E. T. Burrowes Company against Stephen Caplin. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

M. H. Newman, for appellant.
Walter H. Dodd, for respondent.

WOODWARD, J.   This action was brought to recover for goods sold and delivered.  The pleadings were oral, and the defense urged was that the goods did not comply with the specifications contemplated by the parties.  Upon this point the court has found against the defendant, and upon this appeal there is no contention that the judgment is not supported by the evidence.  It is urged, however, by the defendant, that the plaintiff is a foreign corporation doing business within this state, within the contemplation of the statute, and without complying with the conditions of sections 15 and 16 of the general corporation law (Laws 1892, p. 1805, c. 687).

Under the facts as testified to by the plaintiff's witnesses, the contract was not made in this state.  The order was made here, addressed to the plaintiff at its home office in Maine, and the order was accepted there, and the goods were shipped from the home office directly to the defendant.  But, beyond this, the plaintiff, in maintaining a salesroom in the city of New York, where no goods, except samples, are kept, and where there are no books of account kept, and where all of the employés are paid directly from the home office, and there is no bank account in this state, there is an absence of the facts necessary to constitute doing business in this state as contemplated by the statute.  The authorities are so numerous upon this question, and the case is so far from presenting a close question, that it seems useless to incumber the record by a citation of the authorities or further discussion.  The case of Cummer Lumber Co. v. Insurance Co., 67 App. Div. 151, 73 N. Y. Supp. 668, is sufficient authority for affirming this judgment.

The judgment appealed from should be affirmed, with costs.  All concur.