### SYSTEM CO. v. ADVERTISERS' CYCLOPEDIA CO.

(Supreme Court, Appellate Term.    March 10, 1910.)

CORPORATIONS (§ 642*) — FOREIGN CORPORATIONS — "DOING BUSINESS IN THE STATE."

A foreign corporation, publishing a magazine, which keeps a local office in the state to enable agents to solicit business, which is accepted at its home office, where its magazine is published and from which it is distributed, is not "doing business in the state," within General Corporation Law (Consol. Laws, c. 23) § 15, requiring a foreign corporation to secure a certificate of authority.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*

For other definitions, see Words and Phrases, vol. 3, pp. 2155–2160; vol. 8, pp. 7640, 7641.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the System Company against the Advertisers' Cyclopedia Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SEABURY, GUY, and WHITNEY, JJ.

William N. Loew, for appellant.

Yankauer & Davidson (Maurice P. Davidson, of counsel), for respondent.

SEABURY, J. The plaintiff sues to recover $352 for advertising in a magazine known as "System," which is published by the plaintiff. The plaintiff is a foreign corporation, organized under the laws of the state of Michigan, and maintains its principal office at

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Chicago, Ill. The answer pleads that the plaintiff is a foreign corporation, doing business in this state without first having procured a certificate of authority, as required by section 15 of the General Corporation Law (Consol. Laws, c. 23). The plaintiff concedes that no certificate of authority from the Secretary of State was obtained by it. This appeal presents for determination the single question whether the plaintiff did business in this state.

The plaintiff has an office at No. 44 East Twenty-Third street, which it occupies under a lease. At this office it employs stenographers and solicitors. The contract upon which this action is brought was made and signed at the office of the defendant at No. 111 Broadway, New York City. The plaintiff has no bank account within this state. All salaries of employés were paid from the principal office of the plaintiff, which was outside the state, and all orders for advertising taken by solicitors were referred to the home office for acceptance. While some diversity of opinion is to be found in the adjudicated cases upon the question of what constitutes doing business in this state, yet I think the rule has now become fairly well settled. The fact that a foreign corporation has an office within this state, and employs solicitors to transmit orders obtained to the home office for acceptance, does not of itself constitute doing business within the meaning of the statute. Such action is merely incidental to the business which the foreign corporation conducts in another state.

The purpose of the statutory provision is not to restrict trade, or to drive business energy outside of the limits of the state, or to facilitate the repudiation of contract obligations. The statute was designed to promote a legitimate object. The object sought to be accomplished was that foreign corporations should enjoy no privilege not accorded to corporations created under the laws of this state, and that they should be equally accessible to process with domestic corporations. The cases upon this subject are quite numerous, and it is hardly practicable to make any extensive review of them in this place. The substance of the New York cases is well stated by Mr. Frost in his recent work on New York Corporations (section 281). In Penn Collieries Company v. McKeever, 183 N. Y. 98, 75 N. E. 935, 2 L. R. A. (N. S.) 127, Judge Gray said:

"To be 'doing business in this state' implies corporate continuity of conduct in that respect, such as might be evidenced by the investment of capital here, with the maintenance of an office for the transaction of its business, and those incidental circumstances which attest the corporate intent to avail itself of the privilege to carry on a business."

In People ex rel. Kellogg Newspaper Co. v. Roberts, 30 App. Div. 150, 51 N. Y. Supp. 866, the business of the relator was similar to that of the plaintiff in this action, although the circumstances proved in that case indicated much more strongly than do the circumstances in the present case that the foreign corporation was doing business in this state. In that case the court said:

"Office conveniences are permitted here to a foreign corporation doing business in another state to solicit orders to be executed in the other state without liability to our franchise tax."

In People ex rel. Smith Co. v. Roberts, 27 App. Div. 455, 50 N. Y. Supp. 355, the court held that office leases, bank accounts, and the keeping of samples within the state by a foreign corporation were incidental to the business of soliciting orders and making sales, which the relator could carry on in the foreign state without being liable to taxation.

In the present case the plaintiff's business was that of publishing a magazine. The purpose of the local office was to enable agents to solicit business, which was accepted at the home office of the plaintiff, where its magazine was published, and from which it was distributed. The local activities of the plaintiff were merely incidental to the carrying on of business at the place of its home office. They did not involve the investment of capital in this state, but merely provided a means for the solicitation of business, which was to be done elsewhere. Such activities of a foreign corporation are not within the purview of the statute, when construed in the light of the fair and liberal interpretation which the courts have placed upon it. As was said in Vaughn Machine Co. v. Lighthouse, 64 App. Div. 138, 71 N. Y. Supp. 799:

"To give it the construction contended for by the defendant would interfere with that comity between the states in their trade relations which has been potential in the development of a commercial and industrial business."

The judgment should be affirmed, with costs. All concur.