KLINE BROS. & CO. v. GERMAN UNION FIRE INS. CO. OF BALTIMORE.

(Supreme Court, Appellate Division, First Department.   December 1, 1911.)

1. APPEAL AND ERROR (§ 890*)—AMENDMENT OF PLEADINGS TO CONFORM TO PROOF.

Where defendant insured specific property in which plaintiff corporation had such an interest as brought it within the provisions of the policy, and on its own testimony defendant was liable for the loss to some one and had notice of plaintiff's interest, the complaint might be amended on appeal as to its allegations of insurable interest to conform to the proof, if essential to support the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3623, 3624; Dec. Dig. § 890.*]

2. INSURANCE (§ 630*)—ACTION—COMPLAINT—INSURABLE INTEREST—"SAID PROPERTY."

The complaint, in an action against an insurer, alleged that it entered into a written contract of insurance with the plaintiff, whereby it insured plaintiff for $1,500 against all direct loss or damage by fire on a stock of merchandise, consisting of leaf tobacco, burlap, etc., its own, or held by it in trust or on commission, or sold but not delivered, or for which it might be liable in case of loss or damage, and that the said property so insured by defendant by said contract of insurance, and while in the premises mentioned, was totally destroyed. Held, that the words "said property" related to the property described as insured by the contract, and that by reasonable intendment the complaint in substance alleged plaintiff's insurable interest.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1582, 1583; Dec. Dig. § 630.*

For other definitions, see Words and Phrases, vol. 7, pp. 6284–6286.]

3. CORPORATIONS (§ 642*)—FOREIGN CORPORATIONS—CERTIFICATE OF AUTHORITY—"DOING BUSINESS."

Under General Corporation Law (Laws 1909, c. 28 [Consol. Laws 1909, c. 23]) § 15, which provides that no foreign corporation doing business in the state shall maintain any action here upon any contract made here unless it shall have procured a certificate of compliance with the statutes, a company having an office in this state used by its president, but which at the time of making the contract did no business in this state, and whose property was in the state of Florida, whose books had been sent from this state to Florida, and which made no contract here except the insurance contract, was not "doing business," since that term as used in the statute relates to the ordinary business which a corporation was organized to do, and has no relation to the incidental contract of a foreign corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*

For other definitions, see Words and Phrases, vol. 3, pp. 2155–2160; vol. 8, pp. 7640, 7641.]

Scott, J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by Kline Brothers & Company against the German Union Fire Insurance Company of Baltimore. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Arnold L. Davis, for appellant.

Frederick M. Czaki, for respondent.

INGRAHAM, P. J. This action was brought to recover the loss under a policy of fire insurance. The plaintiff is a foreign corporation organized under the laws of the state of Florida, and the defendant is a foreign corporation organized under the laws of the state of Florida and engaged in the business of fire insurance in the city, county, and state of New York.

The complaint alleges, in the third paragraph, that on March 8, 1909, at the city of New York, the defendant made and entered into a written contract of insurance with the plaintiff, whereby the defendant for a valuable consideration did "insure the plaintiff as now or may be hereafter constituted, for the term of one year from the 8th day of March, 1909, at noon, to the 8th day of March, 1910, at noon, against all direct loss or damage by fire, except as hereinafter provided for, to an amount not exceeding fifteen hundred ($1,500) dollars, on a stock of merchandise consisting of leaf tobacco, bark, burlap, matting, and other material used in baling tobacco, their own, or held by them in trust or on commission, or sold but not delivered or removed, or for which they may be liable in case of loss or damage to same," while contained in a certain frame building in the state of Florida; and, in the fourth paragraph, that during the term of said policy and on or about the 19th day of March, 1909, "the said property so insured as aforesaid by said defendant under and by virtue of said contract of insurance, and while in said premises in said policy mentioned and described, was totally destroyed by fire." The answer admitted the allegation as to the contract of insurance, but denied knowledge or information sufficient to form a belief as to the allegation contained in the fourth paragraph of the complaint, and set up affirmative defenses involving a breach of warranty and misrepresentation and exaggeration in the proof of loss. There was no demurrer to the complaint and no claim made in the answer that the complaint did not allege that the plaintiff had an insurable interest in the property destroyed.

The case came on for trial, and before any evidence was taken the defendant moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action, in that the complaint contained no allegation of an insurable interest by the plaintiff in the property destroyed by fire. That motion was denied, to which the defendant excepted. Plaintiff then made certain stipulations in relation to the amount of loss, the amount of other insurance on the property, and also admitted service of the notice of fire and proof of loss and demand for the amount covered by the insurance. Plain-

tiff then offered evidence tending to show that the property destroyed was certain tobacco contained in the warehouse described in the policy of insurance and in which the plaintiff had an interest as was specified in the policy. This evidence was received under the objection by the defendant of not being within the pleadings. At the end of the testimony the motion to dismiss was renewed on the same grounds specified on the former motion and the additional ground that the plaintiff was a foreign corporation engaged in business in the state of New York without a license, and the complaint was therefore defective and should be dismissed. That motion having been denied, the parties conceded that there was no question of fact to submit to the jury, and each requested the direction of a verdict. The court denied the motion of the defendant to dismiss the complaint or direct a verdict in its favor, to which the defendant excepted, and then directed a verdict for the plaintiff to which the defendant excepted.

The questions presented on this appeal are: (1) Whether the complaint alleged an insurable interest in the property destroyed; and (2) whether the defendant was a foreign corporation doing business within the state within section 15 of the General Corporation Law (chapter 28 of the Laws of 1909 [chapter 23, Consol. Laws 1909]). The defendant took no objection to the sufficiency of the complaint either by demurrer or motion, but interposed its answer admitting the allegations of the complaint as to the contract of insurance. It denied knowledge or information sufficient to form a belief as to the destruction of the property covered by the policy, and then on the trial substantially admitted that this property was in the building at Quincy, Fla., referred to in the complaint and the policy of insurance; that on the 19th of March, 1909, the property was at least of the value of $36,700; and that on that day it was totally destroyed by fire. It was further admitted that the defendant received notice of the fire and proofs of loss. The defendant reserved its objection to the sufficiency of the complaint until the case came on for trial. There is no question but that the defendant had knowledge as to the ownership of this tobacco and the interest that the plaintiff had in it, and, under such circumstances, if by a fair construction of the allegations of the complaint there can be gathered from it an allegation that the plaintiff's interest in the property was such as would be covered by the insurance, the ends of justice would not justify a reversal of the judgment merely to compel the plaintiff to amend the complaint by making such allegation more specific. It is not claimed that the defendant was taken by surprise.

[1] The defendant insured this specific property and received its compensation for such insurance. Plaintiff clearly had an interest in the property which brought it within the provisions of the policy, and on the testimony the defendant was clearly liable. For in such a case it has been held that the Court of Appeals would amend the complaint to conform to the proof if essential to support the judgment. Davis v. Grand Rapids Fire Ins. Co., 15 Misc. Rep. 263, 36 N. Y. Supp. 792, affirmed 157 N. Y. 685, 51 N. E. 1090.

[2] The complaint alleges that the defendant made and entered into

a written contract of insurance with the plaintiff, wherein and whereby the defendant did insure Kline Bros. Company, as now or may be hereafter constituted, against all direct loss or damage by fire to an amount not exceeding $1,500 "on a stock of merchandise consisting of leaf tobacco, bark, burlap, matting, and other material used in baling tobacco, their own, or held by them in trust or on commission, or sold but not delivered or removed, or for which they may be liable in case of. loss or damage to same." It was thus alleged that the property covered by the contract of insurance was the plaintiff's property or property held by it in trust or on commission or sold but not delivered or removed, or for which it may be held liable in case of loss or damage to same. This was a direct allegation that the property which the defendant contracted to insure was the property of the plaintiff or property in which the plaintiff was interested. Then by the fourth paragraph of the complaint it is alleged that on or about the 19th day of March, 1909, "the said property so insured as aforesaid by said defendant under and by virtue of said contract of insurance, and while in said premises in said policy mentioned and described, was totally destroyed by fire." The "said property" mentioned related to the property described in the third paragraph of the complaint, and that was there alleged to be the property owned by the plaintiff or in which the plaintiff had an insurable interest. Neither the third nor fourth paragraph of the complaint spoke of property that was not property of the plaintiff or in which it had no insurable interest. The property as described in both of these paragraphs of the complaint was property in which the plaintiff had an insurable interest, and the allegations of the complaint are that the defendant by its contract insured the property in which the plaintiff had an insurable interest, and that said property, namely, the property in which the plaintiff had an insurable interest, had been totally destroyed by fire. This by fair intendment was an allegation that the property that was insured and which was destroyed by fire was property which was covered by the policy of insurance and in which the plaintiff had an insurable interest within the terms of the policy.

It is now established in this state that the complaint may be sustained if from its allegations by reasonable and fair intendment the facts necessary to constitute a cause of action are alleged (Mario v. Garrison, 83 N. Y. 14; Flynn v. Brooklyn City R. R. Co., 158 N. Y. 493–503, 53 N. E. 520; Tew v. Wolfsohn, 174 N. Y. 272–274, 66 N. E. 934), and it seems to me, applying this rule, that these allegations in the complaint did in substance allege that the defendant by its policy of insurance insured the plaintiff against loss on property in which he had an insurable interest in this warehouse, and that said property, namely, the property upon which the plaintiff had an insurable interest, had been destroyed by fire.

[3] On the second point I do not think on this evidence that the plaintiff was doing business within this state within section 15 of the General Corporation Law. There was an office in this state used by the president of the company; but at the time this contract was made the company itself did no business here. Its property was in the state

of Florida, and there it transacted its general business. So far as appears, it made no contracts in this state except that it here obtained insurance upon its property in Florida; and whatever books the company had kept here had been sent to Florida prior to the making of the contract in question. Doing business within the meaning of section 15 of the General Corporation Law relates to the ordinary business which the corporation was organized to do, and has no relation to the incidental contract of a foreign corporation with a domestic corporation such as the insuring of its property. Cummer Lumber Co. v. Associated Mfrs. Ins. Co., 67 App. Div. 151, 73 N. Y. Supp. 668, affirmed 173 N. Y. 633, 66 N. E. 1106; Union Trust Co. v. Sickles 125 App. Div. 105, 109 N. Y. Supp. 262; Penn. Collieries Co. v. McKeever, 183 N. Y. 98, 75 N. E. 935, 2 L. R. A. (N. S.) 127.

My conclusion, therefore, is that the court below correctly refused the defendant's motion to dismiss the complaint or direct a verdict in its favor; that the defendant was clearly liable under its policy of insurance; and that the judgment should be affirmed, with costs.

CLARKE, MILLER, and DOWLING, JJ., concur. SCOTT, J., dissents.