David Rosenblatt, Doing Business under the Firm Name and Style of the American Metal & Iron Company, Plaintiff, *v.* Bridgeport Metal Goods Manufacturing Company, Defendant.

David Rosenblatt, Plaintiff, *v.* Bridgeport Metal Goods Manufacturing Company et al., Defendants.

(Supreme Court, Kings Special Term, November, 1918.)

Service — when motion to vacate service of summons upon foreign corporation granted — what does not constitute "doing business" within the state.

Where, upon a motion to vacate and set aside the service of a summons, it is conclusively shown that the defendant is a foreign corporation and was such at the time of the service; that it has no property or agents within this state; maintains no office therein and has not transacted any business within this state, the motion will be granted.

The fact that defendant's name appeared on the door of an office on a certain street in the city of New York and also in the telephone directory did not constitute "doing business" within the state.

Motion to vacate service of summons.

Arthur C. Mandel, for plaintiff.

Satterlee, Canfield & Stone, for Bridgeport Metal Goods Manufacturing Company, defendant.

Manning, J.   The plaintiff commenced these two actions against the defendant on or about the 10th day of January, 1918, by the service of a summons and notice upon one George G. Beers, who at the time was vice-president of the defendant corporation. The defendant shortly thereafter specially moved to vacate

the service upon the ground that it was a foreign corporation and was not engaged in business within the state of New York.   The motion to vacate the service was denied, as was also a motion for a reargument. The defendant then appealed to the Appellate Division from the orders above made and that tribunal reversed the orders and remitted the matters to Special Term with directions to refer them to the official referee to take testimony and report to the Special Term.   This was done and a hearing was had before the Honorable William D. Dickey as official referee, and on October 9, 1918, said referee filed his report, without however rendering any opinion, and so the matter now comes before the Special Term for determination, and upon this application the defendant renews the original motion to vacate the service in the two actions on the report of the referee and on all the prior proceedings had herein.   The real question in this motion depends upon the fact as to whether or no the defendant company at the time of the service was engaged in business in the state of New York.   If it was, then of course the service was good.   If it was not, then the service was void and the motion of the defendant corporation should be granted.

A careful reading of the record, as I read it, leads to but one conclusion, and that is, that the plaintiff has failed to show that the said corporation at the time of the service of the summons and complaint was engaged in business within the state of New York.   The most that can be said regarding the proof offered on behalf of the plaintiff is that defendant's name was upon the door of an office at No. 1 Hudson street in the city of New York; that its name was listed in the telephone book issued by the New York Telephone Company, and that its name also appeared in a certain trade or business directory published in the city of New York.

It may also be said that the plaintiff further proved that the office at No. 1 Hudson street, New York city, upon the door of which the name of the defendant corporation appeared, was occupied by a concern known as the Usona Manufacturing Company, and this latter company, which is a separate corporation organized under the laws of the state of New York, handled and sold the output of merchandise manufactured by the defendant corporation in Bridgeport, Conn. It also appears that some of the officers and directors of the Usona Manufacturing Company are officers and directors of the defendant company, and it further appears that George G. Beers, the vice-president of the defendant company, maintains an office at No. 1 Hudson street, New York, where he conducts a business under the name of the Beers Sales Company, and the name of this latter company and the name of George G. Beers also appear upon the office door, and this is about as far as the proof of the plaintiff goes as tending to show the doing of business within the state of New York by the defendant company. The plaintiff is a resident of the state of New York and the causes of action upon which he sues are in tort, and it is undisputed that said causes of action arose in the city of Bridgeport, state of Connecticut. The record before the referee discloses that the defendant company is a corporation that was organized under the laws of the state of Connecticut, and that it has never attempted, or was it authorized by the provisions of the General Corporation Law, to transact or carry on any business within the state of New York, and it is further made to appear that the company has no property of any kind or nature within the state of New York; that it has no agent or employees within the state of New York, and that none of its directors or officers reside within the state of New York, and it also appears that

the relations existing between the defendant corporation and the Usona Manufacturing Company is one of *sale* and not of *agency*. In other words, the Bridgeport Metal Goods Manufacturing Company sells its goods outright for cash and not upon consignment or commission to the Usona Manufacturing Company. Under the situation just disclosed, I do not see how it can be said that the defendant company is doing business within the state of New York. The plaintiff lays considerable stress upon the fact of the name being on the door and also in the telephone directory, but it was held in the case of *Philadelphia & Reading R. Co.* v. *McKibbin*, 243 U. S. 264, 267, that such circumstances did not constitute doing business within the state, and the same principle was announced in the case of *N. K. Fairbank & Co.* v. *Cincinnati, N. O. & T. P. R. Co.*, 54 Fed. Repr. 420, and in the case of *Krakowski* v. *White Sulphur Springs, Inc.*, 174 App. Div. 440, the Appellate Division of the first department held that the fact of maintaining an agent and offices in New York for advertising purposes, did not constitute doing business within the state of New York. In the case of *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259, the court there held that " Unless a foreign corporation is engaged in business within the state it is not brought within the state by the presence of its agents. But there is no precise test of the nature or extent of the business that must be done. All that is requisite is that enough be done to enable the court to say that the corporation is here, and when once it is here it may be served." This is the best statement of the rule that I have been able to find, and the trend of judicial opinion is to the effect that each case must depend necessarily upon its own particular facts, and I find from the evidence in this case that it is conclusively shown that the defend-

ant company is a foreign corporation and was such at the time of the service; that it has no property within the state; that it maintains no office and has no agents within the state, and that it has not done or transacted any business within the state of New York. The plaintiff in his brief cites several cases, but an examination of them will disclose that they are not at all analogous to the case at bar, and that in these cases there was some evidence of business being transacted within the state or the presence of agents for that purpose. On the record as presented in this application the defendant is entitled to have the motion granted vacating the service of the summons with notice in the two actions hereinbefore referred to and an order to that effect may be presented on notice.

Ordered accordingly.