IDEAL WERKE A. G. FUR DRAHTLOSE TELEPHONIE, Plaintiff, v. OSCAR C. ROOS and Another, Defendants.

City Court of New York, Bronx County, June 2, 1931.

*Leopold Klinger*, for the plaintiff.

*Arthur S. Johnson*, for the defendants.

DONNELLY, J. Defendants concede that no part of the amount due on the note sued on herein has been paid. The testimony of the defendants' witness, Stark, that he was authorized by plaintiff, a corporation organized and existing under and by virtue of the laws of the Republic of Germany, to, and did, open an office at 35 West Thirty-third street; that the plaintiff's name appeared on the door of the office at that address and on the directory in the hallway of the entrance to the building; that he took the lease of the office, as well as the telephone service and the protective service in his own name; that he filed a petition in bankruptcy in which he listed as his personal liability the rent of the premises leased in his name; that he prepared catalogues advertising the plaintiff's wares; that the bills for telephone, watchmen's services and trucking charges were made out in his name; and that certain of the items on the transcript of plaintiff's account with the New York Trust Company were payments to him by plaintiff for his salary and to reimburse him for certain expenses in running the office, is not sufficient to establish that plaintiff was doing business in the State of New York so as to bring it within the provisions of sections 15 to 16-i, inclusive, of the General Corporation Law (added by Laws of 1927, chap. 425).*

The mere maintenance of the office for the plaintiff did not constitute doing business by the corporation within this State. (*International Fuel & Iron Corp.* v. *Donner Steel Co., Inc.*, 242 N. Y. 224, 229.) Nor does the fact that the plaintiff's name appeared upon the door of the office establish that it was doing

---

*Sections 15–16-i since renumbered sections 210–220 by Laws of 1929, chap. 650. Sections 15–16-i were formerly section 110 of the Stock Corporation Law of 1923, as repealed by Laws of 1927, chap. 425. Section 110 of the Stock Corporation Law of 1923 was formerly section 15 of the General Corporation Law, as repealed by Laws of 1923, chap. 787.

business in this State. (*Rosenblatt* v. *Bridgeport Metal Goods Mfg. Co.*, 105 Misc. 92.) On the evidence Stark, the agent, but not the corporation, was doing business in this State. (*Lederwerke* v. *Capitelli*, 92 Misc. 260, 262.) A foreign corporation has a right to send its agent into the State of New York, there to make contracts for the sale and delivery of its goods, and this right to make such contracts carries with it, by necessary implication, the right to enforce such contracts in the courts of this State, in the absence of lawful limitations upon that right. (*Angldile Computing Scale Co.* v. *Gladstone*, 164 App. Div. 370, 372, 373.) To be doing business in this State implies corporate continuity of conduct in that respect; such as might be evidenced by the investment of capital here, with the maintenance of an office for the transaction of its business, and those incidental circumstances which attest the corporate intent to avail itself of the privilege to carry on a business. (*International Fuel & Iron Corp.* v. *Donner Steel Co., Inc., supra,* 230.)

It also appears from Stark's testimony that he severed his association with the plaintiff in May, 1928, which is about seven months before the note in suit is dated. There is evidence that the plaintiff opened an account in the Fordham National Bank on June 6, 1928; that it made deposits in and withdrawals against this account at intervals from the time it was opened until November 8, 1928, when the last withdrawal was made, and that, at the present time there is a balance in the account to plaintiff's credit of nearly $600. The witness, an employee of the bank, who was called by the defendant to identify this account, was unable to state anything about it except that the transcript shows certain deposits and withdrawals. There was no evidence offered by the defendant from which it may be found that this account showed the plaintiff's investment of capital in aid of its definite and continuous corporate activity, so as to bring it within the purview of the statute. Stark's testimony was that he attempted to sell goods for the plaintiff, but he could not remember the names of any of the customers, or the amount or the time of any sale.

Verdict for plaintiff for $1,174, with interest thereon, $162.60, amounting in all to the sum of $1,336.60. Ten days' stay of execution and thirty days to make and serve a case, allowed.