Edgar J. Nathan, Jr., J.
Defendant moves, pursuant to rule 107 of the Rules of Civil Practice and section 218 of the New York State General Corporation Law, to dismiss the complaint herein on the grounds that plaintiff lacks legal capacity to sue. This is an action for goods sold and delivered arising out of transactions between defendant and plaintiff’s assignor, a Georgia stock corporation. Since plaintiff’s assignor admittedly did not register to do business in New York State, defendant’s motion must be granted if it can be shown that plaintiff’s assignor was in fact doing business in this State during the period in question and that the contracts which form the basis of this litigation were made in New York. Plaintiff’s assignor is a carpet manufacturer whose mill and main offices are in Georgia. It also maintains a showroom and office in New York. Defendant is a New York wholesaler of carpets which handled some of plaintiff’s assignor’s lines. The papers submitted fail to establish that, at the time of the making of the contracts in suit, plaintiff’s assignor was doing business in New York State within the meaning of section -218 of the General Corporation Law. The fact that plaintiff’s assignor had an office-showroom and a sales manager in New York is not sufficient to establish that it was doing business within the State. It is undisputed that the company did not maintain a bank account in New York. More importantly, all orders had to be approved by the Georgia office and all shipments were made from its mill in Georgia. Under the circumstances, the court finds that plaintiff’s assignor was not doing business within the State (see International Fuel & Iron Corp. v. Donner Steel Co., 242 N. Y. 224). Moreover, it is deal* that the contracts in question were made in Georgia, not in New York. For this additional reason plaintiff does not come within the prohibitions of section 218 of the General Corporation Law. Accordingly, the motion is denied. Defendant is granted 20 days after service of a copy of this decision in Avhich to interpose its answer.