**STAFFORD–HIGGINS INDUSTRIES, INC., Plaintiff,**

v.

**GAYTONE FABRICS, INC., Defendant.**

**No. 68 Civil 4482.**

United States District Court
S. D. New York.

May 29, 1969.

Javits, Trubin, Sillcocks, Edelman & Purcell, New York City, for plaintiff, Edward A. Manuel, New York City, of counsel.

Weil, Gotshal & Manges, New York City, for defendant, Nathan Cooper, New York City, of counsel.

OPINION

EDWARD WEINFELD, District Judge.

Defendant moves to dismiss the complaint on the ground that plaintiff may not maintain this action because it is doing business in the State of New York without having qualified to do business here pursuant to statute. Jurisdiction is based upon diversity of citizenship, plaintiff being a Connecticut corporation and the defendant a New York corporation.

The activities relied upon by the defendant to establish that plaintiff is doing business here are (1) the placement by plaintiff of merchandise orders with the defendant in New York City and their acceptance by the defendant; (2) delivery of most of the merchandise to plaintiff's independent contractor in Brooklyn, where it is fabricated into bathing suits for plaintiff's account; (3) the maintenance by plaintiff of an office for the conduct of its business in New York City, with listings in the Manhattan telephone directory and Yellow Pages; and (4) the presence of five salesmen who worked out of the Manhattan office.

The plaintiff denies that it has any interest, financial or otherwise, in the independent contractor; it alleges that the manufactured garments are delivered by the contractor to it at Connecticut, from where shipments of the finished garments are made to customers. Plaintiff alleges that the office in New York City is not its office but that of its independent sales representative, and that it makes no payment of rent, telephone or any other expense of this office; that the five salesmen are the employees of its independent sales representative and subject to his exclusive control with respect to their duties, compensation and time. As to the telephone and building listings, plaintiff alleges that it had nothing to do with the same, although it does not object to the sales agent's placing such listings to advertise plaintiff's products.

Since jurisdiction rests upon diversity, the question presented is to be determined under state law.[1] Under New York law, a foreign corporation "doing business" within the state is barred from maintaining any action until it qualifies and pays required fees and taxes.[2] The New York courts have been mindful that any construction of the statute which unlawfully interferes with interstate commerce would render the provision unconstitutional.[3] Accordingly, they have consistently held that to be "doing business" with resulting invocation of the ban of the statute, "the foreign corporation must do more than make a single contract, engage in an isolated piece of business, or an occasional undertaking; it must maintain and carry on business with some continuity of act and purpose."[4] The New York courts have also held that a foreign corporation's activities within the state may be sufficient to subject it to jurisdiction and make it amenable to service of process and yet be insufficient to constitute doing business so as to require it to qualify under the statute.[5]

The Court does not deem it necessary to resolve the factual dispute posed by plaintiff's denial of the defend-

1. Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949). The contrary pre-Erie-Tompkins holding in David Lupton's Sons Co. v. Automobile Club, 225 U.S. 489, 500, 32 S.Ct. 711, 56 L.Ed. 1177 (1912), was overruled in Angel v. Bullington, 330 U.S. 183, 192, 67 S.Ct. 657, 91 L.Ed. 832 (1947).

2. N.Y. Business Corporation Law, McKinney's Consol.Laws, c. 4, § 1312: "*Actions or special proceedings by unauthorized foreign corporations*
(a) A foreign corporation doing business in this state without authority shall not maintain any action or special proceeding in this state unless and until such corporation has been authorized to do business in this state and it has paid to the state all fees, penalties and franchise taxes for the years or parts thereof during which it did business in this state without authority. This prohibition shall apply to any successor in interest of such foreign corporation."

3. International Fuel & Iron Corp. v. Donner Steel Co., 242 N.Y. 224, 231, 151 N.E. 214 (1926); International Text Book Co. v. Tone, 220 N.Y. 313, 318, 115 N.E. 914 (1917); Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 267, 115 N.E. 915 (1917).

4. International Fuel & Iron Corp. v. Donner Steel Co., 242 N.Y. 224, 230, 151 N.E. 214, 215 (1926).

5. International Text Book Co. v. Tone, 220 N.Y. 313, 318, 115 N.E. 914 (1917); Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 267, 115 N.E. 915 (1917).

ant's allegations. Tested by applicable state law and accepting the defendant's allegations as to the nature and extent of plaintiff's business here, its motion to dismiss for failure of plaintiff to qualify in New York must be denied. In no respect has the defendant shown that plaintiff's activities within this state have been other than isolated or occasional transactions. The placement of orders within New York is no more doing business within the state than the in-state solicitation of orders,[6] and yet the latter does not bring the corporation within the bar of the statute.[7] It is the place of accepting the contract offer, not of accepting delivery of the merchandise ordered that is relevant in determining whether the corporation is "doing business" in New York.[8] The maintenance of an office within the state does not prevent the corporation from bringing suit,[9] even if coupled with the employment of solicitors to transmit orders obtained here to the home office for acceptance,[10] and even if the corporation's name appears on the door.[11] Nor is the result changed by the added factors that the corporation's name is listed in telephone and business directories.[12]

The motion is denied.

6. International Fuel & Iron Corp. v. Donner Steel Co., 242 N.Y. 224, 229, 151 N.E. 214, 215 (1926) ("contracts for the purchase or sale of goods"); Nicolich v. E. Muniz Ferreira & Cia., 149 N.Y. S.2d 662, 665 (Sup.Ct.1956); Lebanon Mill Co. v. Kuhn, 145 Misc. 918, 920, 261 N.Y.S. 172, 175 (N.Y.C.Mun.Ct. 1932).

7. L. C. Page & Co. v. Sherwood, 146 App. Div. 618, 619, 131 N.Y.S. 322, 323 (1st Dep't 1911) (travelling salesmen); St. Albans Beef Co. v. Aldridge, 112 App.Div. 803, 805, 99 N.Y.S. 398, 400 (3d Dep't 1906) (same); New York Architectural Terra-Cotta Co. v. Williams, 102 App.Div. 1, 9, 92 N.Y.S. 808, 812–813 (1st Dep't 1905) (aff'g on opinion of referee below), aff'd mem., 184 N.Y. 579, 77 N.E. 1192 (1906).

8. Cf. Cummer Lumber Co. v. Associated Mfrs.' Mut. Fire Ins. Corp., 67 App.Div. 151, 154, 73 N.Y.S. 668, 670 (2d Dep't 1901), aff'd mem., 173 N.Y. 633, 66 N.E. 1106 (1903); System Co. v. Advertisers' Cyclopedia Co., 121 N.Y.S. 611, 612 (Sup. Ct. 1910); National Knitting Co. v. Bronner, 20 Misc. 125, 126–127, 45 N.Y.S. 714, 715 (Sup.Ct.1897).

9. International Fuel & Iron Corp. v. Donner Steel Co., 242 N.Y. 224, 229–230, 151 N.E. 214 (1926); Kline Bros. & Co. v. German Union Fire Ins. Co., 147 App. Div. 790, 795, 132 N.Y.S. 181, 184 (1st Dep't 1911), aff'd mem., 210 N.Y. 534, 103 N.E. 1125 (1913); M. M. Mades Co. v. Gassman, 77 N.Y.S.2d 236, 239 (N.Y.C. City Ct.1948).

10. Cummer Lumber Co. v. Associated Mfrs.' Mut. Fire Ins. Corp., 67 App.Div. 151, 154, 73 N.Y.S. 668, 670 (2d Dep't 1901), aff'd mem., 173 N.Y. 633, 66 N.E. 1106 (1903); cf. James Talcott, Inc. v. J. J. Delaney Carpet Co., 28 Misc.2d 600, 601, 213 N.Y.S.2d 354, 355 (Sup.Ct.), aff'd mem., 14 A.D.2d 866, 222 N.Y.S.2d 312 (1st Dep't 1961) (showroom and sales manager); E. T. Burrowes Co. v. Caplin, 127 App.Div. 317, 318, 111 N.Y.S. 498, 499 (2d Dep't 1908) (salesroom).

11. National Tool Salvage Co. v. National Tool Salvage Industries, Inc., 186 Misc. 833, 837, 60 N.Y.S.2d 308, 312 (Sup.Ct. 1946); Ideal Werke A. G. Fur Drahtlose Telephonie v. Roos, 140 Misc. 298, 299–300, 250 N.Y.S. 481, 482 (N.Y.C.City Ct. 1931).

12. Schwarz v. Sargent, 197 N.Y.S. 216, 218 (App.T., 1st Dep't 1922); William L. Bonnell Co. v. Katz, 23 Misc.2d 1028, 1029, 196 N.Y.S.2d 763, 766 (Sup.Ct. 1960); National Tool Salvage Co. v. National Tool Salvage Industries, Inc., 186 Misc. 833, 837, 60 N.Y.S.2d 308, 312 (Sup. Ct.1946); Lebanon Mill Co. v. Kuhn, 145 Misc. 918, 920, 261 N.Y.S. 172, 175 (N.Y.C.Mun.Ct.1932).