BARBARA LABRIOLA, by Her Guardian ad Litem MICHAEL LABRIOLA, et al., Respondents-Appellants, v. JOHN LANGONE et al., Respondents; LONG ISLAND SCRAP METAL Co. et al., Appellants, et al., Defendant.— In consolidated negligence actions to recover damages for personal injuries, etc., the cross appeals are from a judgment of the Supreme Court, Queens County, entered December 12, 1967 upon a jury verdict, as amended by an order of said court dated May 7, 1968, as follows: (1) defendant Long Island Scrap Metal Co. (hereinafter referred to as L. I. Scrap) appeals, as limited by its brief, from so much of the judgment (as amended) as is in favor of both plaintiffs against it; (2) Willimansett Waste Co., Inc. (hereinafter referred to as Willimansett) appeals, as limited by its brief, from so much of the judgment (as amended) as is in favor of plaintiff Barbara Labriola against it; and (3) plaintiffs cross-appeal from so much of the judgment as is against them and in favor of defendants Langone and Villano. Judgment (as amended) modified, on the law and the facts, by striking therefrom the decretal provisions which are against the appealing defendants and substituting therefor a provision dismissing the complaints as to them. As so modified, judgment (as amended) affirmed insofar as appealed from, without costs. This appeal involves two actions which were consolidated for trial. In the first action, plaintiffs' complaint, *inter alia*, alleged that defendant Villano as owner of a vehicle, defendant Langone as driver thereof, and defendant L. I. Scrap as owner of another vehicle " so recklessly, negligently and carelessly operated and managed their respective motor vehicles, that the infant plaintiff was struck, knocking her to the ground and causing the injuries * * * alleged." The infant is the sole plaintiff in the second action, and she alleged therein that defendants Willimansett and Schorr each owned a truck which was stopped at L. I. Scrap's premises on the day of the accident, that Willimansett's truck

extended over the sidewalk and into the roadway, that Schorr's truck was double parked, and that these trucks were so parked as to unlawfully obstruct the roadway and sidewalk and created a "peculiarly hazardous condition" which caused the infant plaintiff to be struck by the Villano vehicle in the roadway. At the trial there was no evidence offered against L. I. Scrap to sustain the allegations of the complaint, viz., that it negligently operated and maintained its vehicle. Its motion to dismiss the complaint, made at the close of the trial, should have been granted. Instead, the court charged, in part, and over L. I. Scrap's objection, that the "claim" against L. I. Scrap was that the sidewalk had become illegally blocked in the course of its business and that its negligence was in "allowing this illegal act to continue, having full knowledge". This version of plaintiffs' "claim" against L. I. Scrap bore no resemblance to that set out in the complaint against it. Further, there was no request by plaintiffs either at the trial or on this appeal to amend the complaint to conform to the proof. Moreover, assuming amendment, we do not feel the proof supports a cause of action against either L. I. Scrap or Willimansett. The temporary blocking of a sidewalk for the purpose of making a truck delivery is neither illegal, nor a nuisance, nor negligence. In *O'Neill* v. *City of Port Jervis* (253 N. Y. 423) there was a complete blockage of a sidewalk and part of the street during a building construction for over a month. In that case Judge CRANE, writing for a unanimous court, stated in part as follows (p. 428): "An adjoining property owner may, however, temporarily use a portion of the street or highway for taking goods or merchandise in or out of his premises. (*Welsh* v. *Wilson*, 101 N. Y. 254.) Likewise, a person engaged in erecting a building may be obliged to use the sidewalk or street temporarily for the piling or storing of material, such as lumber, brick and sand, or for the unloading of articles upon the sidewalk, or while constructing foundations or other parts of the building. All these uses, however, must be reasonable, temporary and such as is usual and customary in connection with the particular business or construction. (*Murphy* v. *Leggett,* 164 N. Y. 121.) " At bar, there was no proof that there was an inordinate use or blockage of the sidewalk. We note parenthetically that section 692h-10.0 (subd. a, par. 2) of the Administrative Code of the City of New York specifically permits trucks to back onto sidewalks to unload. There was testimony by a bill collector who visited plaintiffs' house *once a week* that he "always had to walk around" delivery trucks at the place in question. However, the parent plaintiff, an employee of L. I. Scrap, who was unloading Willimansett's truck at the time of the accident, testified that trucks "never" blocked the sidewalk there. In this case the blocking of the sidewalk by Willimansett was a permitted use with which no fault can be found. Schorr's truck, which was double parked, may have violated subdivision (b) of section 1203 of the Vehicle and Traffic Law which, in essence, requires vehicles parked wholly upon a one-way roadway to have their right-hand wheels within 12 inches of the right-hand curb. Whether such violation constituted a proximate cause of the accident was properly submitted to the jury, but there is no appeal before us from the jury's finding in that regard. Finally, there was no evidence in the record to support a judgment against Langone and Villano; and the jury's verdict in their favor was proper. Christ, P. J., Munder and Martuscello, JJ., concur; Kleinfeld, J., dissents and votes to affirm the judgment (as amended) insofar as appealed from, with the following memorandum: In my opinion, the record establishes that defendant L. I. Scrap acquiesced in plaintiffs' abandonment of the allegations of their complaint, and met the issues tendered by plaintiffs although not raised by their complaint, without timely objection. Upon such record, this court should, on its own motion, conform the pleadings to the proof (*Smith* v. *Wetmore,* 167

N. Y. 234; *Johnson* v. *City of Albany,* 86 App. Div. 567; *Kline Bros. & Co.* v. *German Union Fire Ins. Co.,* 147 App. Div. 790, affd. 210 N. Y. 534; *Jones* v. *Niagara Junction Ry. Co.,* 63 App. Div. 607; *Rector, Churchwardens & Vestrymen of Church of Holy Trinity* v. *Melish,* 4 A D 2d 256, 264–265, affd. 3 N Y 2d 476). Whether or not the blockage of the sidewalk was inordinate was a jury question. Section 692h-10.0 (subd. a, par. 2) of the Administrative Code of the City of New York does not permit parking which blocks a sidewalk "for an unreasonable time beyond the necessities of the case" (*Bolkin* v. *Levy,* 286 App. Div. 819, 820). The cited provision of the Administrative Code should be read together with the Traffic Regulations of the City of New York (§ 81, subd. [a], par. 1; § 83). (Beldock, P. J., deceased.)