**EMI FILM DISTRIBUTORS, LTD.,**
Plaintiff,

v.

**L. D. S. FILM CO. and William Bates & Associates, Inc., Defendants.**

No. 75 Civ. 3643 (MP).

United States District Court,
S. D. New York.

Nov. 24, 1975.

---

3. This Court's holding obviates the need to address plaintiff's constitutional argument.

Golenbock & Barell, New York City, for plaintiff, by Leonard W. Wagman, New York City.

Marshall, Bratter, Greene, Allison & Tucker, New York City, for defendant L. D. S. Film Co., by Gary J. Cohan, New York City.

## MEMORANDUM

POLLACK, District Judge.

The defendant L. D. S. Film Co. moves to dismiss the complaint or in the alternative to change venue to the Cen-

tral District of California for the convenience of the parties and witnesses and in the interest of justice. The motion to transfer this suit to California is granted.

■ The plaintiff is an English corporation concededly doing business in New York, directly, and also through its subsidiary, and has not qualified to do business here. The defendants are all residents of California. The plaintiff may not sue in this Court on a contract claim. New York Business Corporation Law § 1312; *Stafford-Higgins Industries, Inc. v. Gaytone Fabrics, Inc.*, 300 F.Supp. 65 (S.D.N.Y.1969).

Furthermore, there is a serious question whether the venue of this suit is properly laid in New York since the first and second claims are grounded on the nonpayment and dishonor of two promissory notes which occurred in Malibu, California.

Even if the rule were otherwise in respect to a nonqualified corporation and venue were deemed proper because the third claim in the complaint is based on a presumed written contract made in New York, this Court in the exercise of its discretion under all of the facts and circumstances shown in the record would transfer this suit to the Central District of California where it could have been brought. 28 U.S.C. § 1404(a).

■ The complaint relies on a breach of an alleged written contract claimed to have been negotiated in New York. It is admitted that a letter and a telegram purported to terminate the offer of such written contract before the writing was in fact accepted and signed by the plaintiff. However, the plaintiff claims that an underlying oral arrangement had been accepted orally and by conduct. The plaintiff points to the letter of June 3, 1974 relating to a supposed oral arrangement and suggests that this constituted the acceptance of the oral arrangement. However, this letter states that a "contract" was to be worked out and it therefore cannot be

regarded on its face as an acceptance of an oral offer.

Plaintiff has failed to establish that this Court has personal jurisdiction over the defendant. Such jurisdiction is determined in this diversity case by the New York long-arm statute, CPLR § 302(a)(1). The defendant's only contact with New York consisted of a single visit to the state by William Bates. Bates came to New York on other business, and his discussions with the plaintiff were merely incidental to the purpose of his trip. Indeed, the defendant L. D. S. Film Co., a partnership, was not even in existence at the time of Bates' visit. Moreover, the contract, if one existed, was neither executed nor performed in New York. Bates' conduct in New York is thus an insufficient basis on which to ground personal jurisdiction in this state. *See, e. g., McKee Electric Co. v. Rauland-Borg Corp.*, 20 N.Y.2d 377, 283 N.Y.S.2d 34, 229 N.E.2d 604 (1967).

■ In *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), the Pennsylvania District Court found a lack of personal jurisdiction over certain defendants because they were neither inhabitants of, "found" in, nor transacting business in Pennsylvania. Nonetheless, under the authority of 28 U.S.C. § 1406(a), the suit was held to be transferrable to the Southern District of New York where the said defendants could be found and where they transacted business. Under 28 U.S.C. § 1404(a) by analogy to *Goldlawr*, venue may be transferred even if personal jurisdiction is lacking. Plaintiff cannot complain because it has not suffered the dismissal it deserves, *Schiller v. Mit-Clip Co., Inc.*, 180 F.2d 654, 655 (2d Cir. 1950), and the defendant has agreed to accept service of process in California.

■ The Court has assayed the evidence relating to the convenience of the parties and witnesses, the relative ease of access to sources of proof, the availability of process to compel attendance of unwilling essential witnesses, the costs of obtaining willing witnesses and the overall interests of justice. Consideration of these factors in the totality of the facts and circumstances of this case clearly requires that this action be transferred to the Central District of California and it is so ordered.

The Clerk is hereby directed to forward all papers and the files herein to the Clerk of the Central District of California.

So ordered.